## No. 13,942.

### MRS. CORA E. P. CALHOUN vs. CHARLES H. TEAL.

#### SYLLABUS.

Where there exists error of fact, proceeding either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none, and this error was the principal cause of, and bore upon the motive for, yielding consent to a certain business agreement, relief against it may be had.

APPEAL from the Thirteenth Judicial District, Parish of Grant—*Blackman, J.*

*Ryan & Blackman,* for Plaintiff, Appellee.

*White & Thornton,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. In January 1888 the plaintiff sold to defendant a tract of land under agreement amounting to guaranty that within the boundaries describing the land would be found the quantity of 250 acres

The sale was made for the price of $1,750, or $7.00 per acre. If the area exceeded 250 acres, the vendee was to pay for the excess at the rate of $7.00 per acre.

After the vendee went into possession a survey was made and the surveyor reported only 198.65 acres in the tract, or a deficiency of 51.35 acres.

Whereupon the vendee made reclamation upon the vendor for the return of a corresponding proportion of the purchase price, and the vendor failing to make restitution, suit was instituted to enforce the demand.

Following the filing of this suit the vendee, Teal (defendant in the present action), acquired by purchase certain old judgments operating on the property of his vendor, Mrs. Calhoun (plaintiff herein), and proceeded to take legal steps to realize on the same.

There was then brought about between the parties a compromise agreement and settlement.

Mrs. Calhoun stipulated to convey to Teal a tract of land estimated

to contain 650 acres, and Teal stipulated to accept the same in full satisfaction of his demands against her on account of the old judgments, and his demand against her on account of the deficiency in the number of acres in the tract of land she sold to him in January 1888.

Whereupon the parties appeared before a notary and two witnesses and a formal act of conveyance of the 650 acres was executed by Mrs. Calhoun in favor of Teal.

In the written articles of compromise between the parties; made just prior to the formal conveyance of the 650 acres, it was stipulated that the consideration of the conveyance was to be the dismissal by Teal of all legal proceedings he had taken to enforce the judgments he had acquired by purchase, and also the dismissal of the suit he had filed to recover from Mrs. Calhoun $359.45 on account of the deficiency in the quantity of land sold him in 1888.

In the act of conveyance, itself, the consideration expressed was the transfer and assignment in full ownership by Teal to Mrs. Calhoun of the judgments he had acquired (describing same). The suit for the land deficiency is not mentioned specifically, though there is a paragraph to the effect that the sale is made in accordance with the written act of compromise executed between the parties.

But after the parties had affixed their signatures to the act of conveyance, an *addendum* was, the same day, attached to it, reciting that a part of the consideration of the act was that 50 acres of the land described in the act, being that portion adjoining lands then owned by Teal, was intended to cover and settle the claim he was asserting by suit for the deficiency in quantity of land heretofore referred to.

This *addendum* was, too, signed by the parties, the notary and the witnesses.

This act of conveyance, carrying out the compromise, was executed May 20, 1891.

Teal held the land he had acquired in 1888 from Mrs. Calhoun until December 1897, when he sold it to M. E. Swafford for the price and sum of $2364.00.

It does not appear that in the 9 or 10 years of his possession of it, he ascertained, or had reason to know, that the tract as acquired by him from Mrs. Calhoun did really embrace 250 acres. But such was the case, and the surveyor, who was employed to survey it shortly after his purchase, had made an error in reporting its area at 198.65.

When Mrs. Calhoun learned, which she did not do until 1897, of the

error to her prejudice, she brought against Teal the present action to recover the 50 acres she had conveyed to him in 1891, to make up the supposed sufficiency, or its value.

The defendant testifies, in the case, that while he paid for the services of the surveyor who committed the error, it was Mrs. Calhoun who selected him. But a reference to the suit he filed in 1889, to recover for the deficiency in area, exhibits this allegation:—

"Petitioner shows that he has caused to be made survey and map or plat, of the said lands described in said deed, by G. S. Johnston, Parish surveyor for Grant Parish, and that there are only one hundred and ninety-eight and 65-100 acres in the whole tract," etc.

That Surveyor Johnston was mistaken is demonstrated by a private survey made about the time Teal sold to Swafford, and by an official survey made by order of court in this case.

The tract of land contained the 250 acres which Mrs. Calhoun had guaranteed. She, therefore, owed Teal nothing on account of diminution of quantity. She did not know this when she deeded him 50 other acres to make up the supposed deficiency. She believed the deficiency existed. Teal had insisted to her it did and had backed his insistance by suit. She settled this suit by conveying to him the 50 other acres. This was brought about by error of fact on her part proceeding "from a mistaken belief in the existence of that which has none." C. C. 1821.

This error was the principal cause for making the contract and bore upon the motive for making it. C. C. 1823, 1824, 1825 and 1826.

She is entitled to be relieved from the consequences of her act thus brought about.

And it does not affect the case that Teal, himself, acted in good faith and has not profited a dollar in the matter. That is to say he sold to Swafford believing there were not exceeding 200 acres in the tract of land. There were in fact 250 acres. He had honestly thought there was not that quantity, and as his vendor (Mrs. Calhoun) had guaranteed that area, he had called upon her to make good the supposed shortage of 50 acres and she had done so by conveying to him 50 other acres.

Teal has profited by this 50 acres. He has it still. He must return it to Mrs. Calhoun or pay her its value.

Such was the conclusion of our learned brother of the District Court and in so concluding he has rightly adjudged the issues of the case and dispensed even-handed justice.

None of the prescriptions pleaded by defendant are tenable.

Plaintiff's counsel urge that the price of $20 per acre, put upon the land by the District Judge, is too low a valuation, and ask *in their brief* that the judgment be amended by increasing the valuation to $30 per acre.

But we find in the record no answer to the appeal, which was taken alone by defendant, praying for such amendment. This being so, no amendment can be made, even though the testimony as to the fact of value may warrant it, as to which we pass no opinion.

Judgment affirmed.

Rehearing refused.