ROGERS, J.
 

 Plaintiff, alleging the breach thereof, sued to recover the balance due under a written lease. Defendant averred the contract 'sued on was never effectuated, and that his occupancy of plaintiff’s premises was under an oral lease from month to month, which he terminated on proper notice. Defendant denied any indebtedness to plaintiff. The court below dismissed plaintiff’s suit, and plaintiff has appealed from the judgment.
 

 Plaintiff was the owner in the year 1921 of a vacant lot of ground fronting on Murray street near Thirteenth street in the city of Alexandria. On October 21, 1929, plaintiff entered into a written contract of lease, under the terms of which defendant agreed to lease for a period of five years a one-stóry galvan
 
 *908
 
 ized ironclad building measuring 30 feet by 60 feet which plaintiff agreed to erect on his vacant lot of ground. Owing, however, to objections of certain residents of the neighborhood, plaintiff was compelled to abandon his building plans. Plaintiff conveyed to an adjacent proprietor, one of the objectors, 5 feet of the lot upon which he was to erect the building, and on the remaining portion of the lot he constructed a double one-story brick building, the dimensions of which are materially different from the building described in the contract of lease.
 

 Plaintiff informed defendant of his inability to erect the building called for by his contract, but this was not done until lfiaintiff had actually begun the construction of the double one-story brick building. Defendant contends that plaintiff sought to have him rent one side of the double building, measuring 24% feet by 86% feet, which he finally consented to do, under an agreement that he would continue to occupy the building only if he found it suited to his needs. Plaintiff, on the contrary, contends that defendant’s occupancy of the premises constituted an acceptance thereof under the terms of the written lease.
 

 There is no denial on plaintiff’s part that the building occupied by defendant is wholly different in.type and size from the building described in the contract sued on. In other words, plaintiff admittedly sues on a contract which was not effectuated according to its terms. But plaintiff says he thought defendant accepted his building under the terms of their original agreement. On the other hand, defendant states he distinctly informed plaintiff that he would occupy his building only on trial.
 

 It is certain that plaintiff failed to fulfill his obligation according to the original contract. If plaintiff intended that the building which he finally constructed was to be substituted for the building which he had agreed-to erect, lie should have obtained the express consent of defendant to the substitution. The original contract should have been made to ■conform to the new agreement. Nothing, should have been left to the misunderstanding of the parties. Contracts are founded on the agreements, not on the disagreements, of the parties. Where they misunderstand each other, there is no contract. Pittsburg & Southern Coal Co. v. Slack, 42 La. Ann. 107, 7 So. 230.
 

 The case involves only questions of fact, which the judge of the district court determined in favor of the defendant. We cannot say he erred in so doing.
 

 Eor the reasons assigned, the judgment appealed from is affirmed.