PONDER, Justice.
 

 The defendant appeals from a judgment annulling a mineral deed insofar as it af
 
 *685
 
 fects a one-fourth (14) of an undivided one-third (%) mineral interest in a tract of land located in Lafourche Parish.
 

 The plaintiff executed a mineral lease in favor of D. W. O’Hern on June 13, 1936 covering a tract of land containing approximately sixty arpents. On March 1, 1938, the plaintiff employed Numa F. Mon-tet, an attorney, to bring suit' and take whatever steps that were necessary to cancel the lease. There had been no production on the land up to that time and the plaintiff had not received the delay rentals, provided for in the lease to keep it alive. It was agreed that the attorney was to receive a one-third mineral interest in the land for his services if he were successful in securing the cancellation of the lease. The plaintiff conveyed the mineral interest •to the attorney at the time the agreement was entered into. On August 18, 1938, the plaintiff entered into a contract with another attorney, the defendant herein, with the view of having the lease cancelled. It was agreed that this attorney would recover the mineral interest from Montet and secure the cancellation of the lease. The •plaintiff brought suit to have the lease can-celled. Montet willingly reconveyed the one-third mineral interest without resort to litigation. The plaintiff conveyed this mineral interest to the defendant. The defendant brought proceedings and had the plaintiff placed in possession of a one-seventh (Jf) undivided interest in. the Succession of Qzeme Cheramie. Sometime after the suit had been filed seeking the cancellation of the lease, it was ascertained that the delay rentals had been paid by William Helis, the assignee, to the Citizens Bank & Trust Company at Cut Off, Louisiana, which had been credited, through error,' to the account of another person bearing the same name as that of the plaintiff. Under the terms of the lease the delay rentals were to be paid to the plaintiff or credited to his account in this bank. No further steps were taken in the suit to cancel the lease after it was ascertained that the delay rentals had been paid.
 

 There is dispute as to the extent of the agreement between the plaintiff and the defendant. The agreement was not reduced to writing. From the testimony of the plaintiff, it appears that the defendant was to secure the cancellation of the lease and recover the mineral interest previously transferred to Montet for which he was to receive the recovered mineral interest for his services. The plaintiff is illiterate and uneducated. On account' of his inability to speak English, an interpreter was required at the time the agreement was entered into. The testimony of the interpreter and two other persons who were present at the time of the agreement corroborates the testimony of the plaintiff, except one of the witnesses stated that the agreement' included placing the plaintiff in possession of a one-seventh interest in the Succession of Ozeme Cheramie. The defendant testified that the agreement was to the effect that he was
 
 *687
 
 to receive the mineral interest, when recovered from Montet, in payment of his services to institute proceedings for the cancellation of the lease, to recover the mineral interest from Montet and place the plaintiff in possession of an undivided interest in the Succession of Ozeme Cheramie. The defendant 'has disposed of three-fourths (%) of the one-third (%) mineral interest that he received from the plaintiff under the contract and is now owner of only one-fourth (14) of the one-third (%) mineral interest. The present suit is brought to recover this one-fourth of the one-third mineral interest standing in the name of the defendant. The lower court gave judgment in favor of the plaintiff and the defendant has appealed.
 

 The lower court was of the opinion that the prime motive of the contract was the cancellation of the lease and that it was entered into under the erroneous belief that the delay rentals had not 'been paid, which is reflected by the written opinion of the trial judge.
 

 In view of the fact that the contract with the previous attorney was on a contingent basis, contingent on the cancellation of the lease, and that the preponderance of the testimony is to the effect that the contract involved in this suit is to the same effect, it appears that the present agreement was a continuation of the contract with Montet by merely changing the attorneys. While the proceedings placing the plaintiff in possession of the undivided interest in Ozeme Cheramie’s succession might have been included in the second agreement, it was only incidental to the main purpose. The evidence in respect h> it is somewhat conflicting. It appears that some of the other heirs gave the defendant' a mineral interest for his services in placing them in possession of an undivided interest in the succession in those proceedings. Be that as it may, the prime motive of the contract under the evidence in this case was to secure the cancellation of the lease. Insofar as the recovery of t’he mineral interest from Montet, it would not redound to the benefit of the plaintiff because the defendant was to receive it for his services if the contract was carried out.
 

 Under the provisions of Article 2021, Revised Civil Code, a conditional obligation does not take effect until the event happens. It is a suspensive condition to be performed in the manner contemplated by the parties. Article 2037, Revised Civil Code. When an obligation has been contracted on the condition of the happening of an event it is considered broken if it becomes certain that the event will not occur. Article 2038, Revised Civil Code. The contract in this case was contingent on the annulment of the lease. The annulment of the lease is impossible because the delay rentals were paid. The plaintiff did not .prevent the fulfillment of the obligation and its failure was the result of a misconception of facts at the time the'contract was confected.
 

 
 *689
 
 Moreover, the contract' cannot be given effect because there was an error of fact as to the principal cause and motive for making the contract. The contract was ■entered into under the mistaken belief that ■the delay rentals had not been paid and that the lease could be cancelled because of this breach. Under the provisions of Arti■cles 1819, 1821 and 1823, Revised Civil Code, the contract must fall.
 

 “Contracts are founded on the • agreements, not on the disagreements, of the parties. Where they misunderstand each other, there is no contract.” Laborde v. Aymond, 172 La. 905, 135 So. 913, 914, citing Pittsburg & Southern Coal Company v. Slack, 42 La.Ann. 107, 7 So. 230.
 

 The existence of an error of fact proceeding from ignorance of what really exists or the mistaken belief in the existence of facts which are the principal cause of and bear upon the motive for the yielding of consent to an agreement are sufficient grounds to set aside a contract. Calhoun v. Teal, 106 La. 47, 30 So. 288.
 

 Consent is vitiated by error. Pan American Production Co. v. Robichaux et al., 200 La. 666, 8 So.2d 635.
 

 Counsel for the defendant contends that the plaintiff did not plead error of fact and that the pleadings were not enlarged because timely objection was taken to evidence of the error of fact at the time of the trial.
 

 The defendant concedes in his testimony that the plaintiff was surprised when it was ascertained, after the suit was filed, that the delay rentals had been paid to the bank. He admits that the plaintiff honestly believed, up to that time, that the delay rentals had not been paid. On the trial of the case, the defendant was called on cross-examination and the error of fact was elicited from him. Counsel only objected to evidence of error of fact after another witness had been placed on the stand. Moreover, the defendant in his answer alleges facts showing how the error arose. Under the provisions of Article 329 of the Code of Practice replication is not favored and rejoinder is not permitted. All allegations in the answer are open to every objection to law and fact as though specially pleaded. Lee v. Perkins, 195 La. 939, 197 So. 607.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost..
 

 O’NIELL, C. J., takes no part.
 

 HAMITER and HAWTHORNE, JJ., concur in decree.