SAMUEL, Judge.
This is a suit on a building contract. Plaintiff is a roofing and siding contractor and its action is based upon the alleged fact that the defendant-owners of the property cancelled the contract under a provision giving them the right to cancel upon the payment of the expenses incurred by plaintiff plus liquidated damages in a minimum amount of 20% of the “cash amount of the contract”. The petition prays for such expenses, damages and attorney’s fees. -In a supplemental petition plaintiff prays, in the alternative and in the event liquidated damages are not allowed, that it be awarded in lieu thereof the amount of its anticipated gross profit. Defendants’ answer denied liability on the grounds that the contract was obtained by misrepresentation and reconvened for damages representing the expenditure allegedly necessary to put their building back into its original condition.
There was judgment in the trial court awarding plaintiff the sum of $200.00, the expenses the court found plaintiff had incurred, and awarding plaintiff in reconvention the sum of $200.00, the amount the court said was required to restore the premises. In his reasons for judgment the trial judge stated he found the contract had been invalidated by mutual error of fact. Plaintiff has appealed.
The contract called for installation by plaintiff of aluminum siding on defendants’ residence for a price of $2,500.00, payable $500.00 on completion and the balance, $2,-000.00 plus deferred plan credits, in 36 monthly payments of $63.88 each. That portion of the contract which related to the work to be done is hand written, obviously by plaintiff’s representative, in space provided therefor on plaintiff’s printed form. The writing is not completely clear as to the words “width” and “weather”, but appears to us to read as follows: “Mr. & Mrs. George Krider-2 story residential. Over weather boards install aluminum backing over weather boards then install new 5" aluminum weather board siding. Around all windows and doors install special window trim. Job to be done in strict accord with the factory directions”.
Plaintiff commenced the work and over a two week period was on the job for approximately two days or less when defendants stopped the work and cancelled the contract. Several reasons are given by defendants for the cancellation, such as a bad fit of an outside electric plug box, bad cuts, and other complaints of a minor nature, which were admitted by the plaintiff but, according to it, were of the type which could and would have been corrected upon completion of the job.
The main complaint by defendants was this: Plaintiff’s representative, a Mr. Fischer, explained to the defendants how the work was to be done. He stated to them that the aluminum was to be put directly on the weatherboards and that none of the wooden material in the house would be removed but simply would be covered. Defendants inquired about this because an iron railing around a gallery, a gate and awnings, all of which were attached to the house, would have to be re-attached. They needed the gate and railing because of the presence of children. And they were of the opinion that the attachment would not hold if the wooden material was removed, the aluminum itself being too thin. Accordingly they stopped the work when plaintiff’s employees removed the wooden corners which were holding the iron rail.
Defendants testified, as did. a third witness who was present when the discussion and signing of the contract took place, that Fischer assured them the wooden material would remain. The only other witness who was present, plaintiff’s representative Fischer, did not deny or contradict that testimony. He admitted the discussion and admitted going out on the gallery in order to look at the railing, but he testified that he did not remember making such assurances.
*594 Although the factory directions were not introduced and the record contains no evidence that Fischer was unfamiliar therewith, both sides appear to concede, and the trial judge was of the opinion, that those directions called for the use of aluminum corner boards and the removal of the wooden corners, and that neither plaintiff’s representative nor the defendants knew what the factory directions were. Since both conclusions, the factory directions calling for the removal of the wooden corners and the parties’ lack of knowledge regarding the factory directions, are favorable to plaintiff’s demand and in view of the fact that the trial court’s decision, and ours, is against that demand, we accept both conclusions.
There is some testimony in the record to the effect that the work could have been done in such a manner as to permit the desired attachments, as for example the use of two pieces of molding instead of the aluminum corner board, which would have been comparatively unsatisfactory from the standpoint of seal and maintenance. But when defendants complained and cancelled the contract they made many attempts to explain the cause of their concern to a proper representative of plaintiff. They were never able to explain and apparently the suggestion that the work could have .been done in the manner desired by defendants was made for the first time during the trial. In addition, the superintendent in charge of the job was proceeding under a work order and had no knowledge of Fischer’s conversation with the defendants. Regardless of what defendants did, or could reasonably be expected to do, the job was going to be done contrary to their understanding with Fischer. The. work was not done, and was not going to be done, in the manner plaintiff now says it could have been done.
We are satisfied from all of the testimony that prior to and at the time of entering into the contract defendants were concerned about the wooden material remaining on the premises so that they could be sure of preserving a means of attaching the rail, gate and awnings to the building and that this concern was known to plaintiff’s representative. We are also satisfied that defendants entered into the contract only after being assured by plaintiff’s representative that plaintiff would not remove any of the wood and that defendants would not have entered into the contract in the absence of such an assurance.
Plaintiff contends that the error of fact here involved is controlled by LSA-C.C. Arts. 1824—1826 and that under Art. 1825, which provides that in order to invalidate a contract the error in the cause must be on the principal cause (motive) when there are several, defendant cannot invalidate the contract in suit because the defendants’ motive in the instant case was the elimination of the necessity of painting the house after the siding was installed. We do not agree with the contentions. While defendants were interested in eliminating maintenance, the principal cause or motive here was the placing of- aluminum siding on the house, conditioned upon the work being done in a manner which would retain all of the building’s wooden materials. And there was a misunderstanding regarding the manner in which the work was to be done, an error of fact as to what the factory directions stated, between defendants and plaintiff’s representative. We agree with the trial judge that there was an error of fact which had the effect of invalidating the contract.
We are of the opinion that plaintiff has proved it is entitled to recover damages slightly in excess of' the award of $200.00 made by the.trial court. Sufficient proof has been made that .materials used in the job amounted to $130.42, labor to $64.54 and delivery of materials to $30.00, a total of $224.96. The award to plaintiff is increased accordingly.
Plaintiff also claims as damages a salesman’s commission of $250.00 and at* *595 torney s fees, the latter under the following contractual provision: “Should it become necessary for Vendor to place this contract in the hands of attorneys for collection, the Vendees agree to pay 20% of the principal and interest as Attorney’s fees, plus court costs.” We find that it is not entitled to either.
The simple answer to the claim for attorney’s fees is that the contract itself having been invalidated, the provision relative to attorney’s fees, a part of the contract, has also been invalidated and is no longer enforceable.
Nor can plaintiff recover the salesman’s commission. The contract has been invalidated as a result of the salesman’s actions and lack of knowledge and plaintiff has not paid, and is under no obligation to pay, his commission.
Defendants, as plaintiffs in recon-vention, were awarded $200.00 as the cost of restoring the property to its condition before work was begun under the contract. The only evidence in the record supporting this claim is the testimony of the defendant-husband that he had received an offer by an unnamed third person to do the work for that amount. And the trial judge did view the building. These facts alone are insufficient proof to support the claim. Accordingly we will remand the case for the sole purpose of affording the plaintiffs in reconvention an opportunity to prove the cost of restoring the premises.
For the reasons assigned, the judgment appealed from is amended and recast so as to provide that there be judgment in favor of defendant, Mr. and Mrs. George P. Krider, Sr., and against plaintiff, The National Company, Inc., invalidating the contract which forms the basis of this action, which contract was entered into by said parties under date of December 5, 1961, and that there be judgment in favor of said plaintiff and against4said defendants in the full sum of $224.96, with legal interest thereon from date of judicial demand until paid. As thus amended and recast the judgment appealed from is affirmed.
It is further ordered that this cause be remanded to the trial court for the sole purpose of affording plaintiffs in reconvention an opportunity to prove the cost of restoring the property to its condition before work was begun under the contract and of rendering judgment in accordance with such proof, all in conformity with the views expressed herein and in accordance with law.
It is further ordered that plaintiff-appellant be cast for the costs of this appeal, that all costs thus far incurred in the trial court be divided equally between plaintiff and defendants, and that such costs as may be incurred in the trial court in connection with the remand herein ordered be paid by the defendants and plaintiffs in reconvention.
Affirmed in part; modified in part; remanded in part.