CHASEZ, Judge.
This appeal involves a claim for attorney’s fees asserted by motion and rule to show cause. Judgment in the amount of $15,734.92 was rendered in favor of movers, Donald P. Brian and Claire Loeb, and against defendant, S. P. Bynum, and Mr. Bynum has appealed.
S. P. Bynum d/b/a Southern Tree and Landscape Company, had a contract with Pittman Construction Company which was involved in litigation. In May of 1956 he retained the law firm of Henriques and Mayo to represent him in that matter. A written contract providing for a contingent fee of 20% of anything recovered was entered into.
Donald R. Brian, one of the movers herein, was then an employee of the firm of Henriques and Mayo and later, on its dissolution, became an associate of Harry Mayo. (On dissolution of the firm Mr. Mayo took the Bynum file.) During his employment and later association Mr. Brian did the actual preparation and trial work for Mr. Bynum as Mr. Mayo’s employee and associate.
Harry Mayo died in January of 1962 and his widow retained Mrs. Claire Loeb,. also mover herein, as counsel for the adminis-tratrix of his succession. In this capacity she received notice of a pretrial conference concerning the Pittman litigation, notified Mr. Bynum that Mr. Mayo was dead, and inquired as to what action he wished to take. Mr. Bynum asked her to handle the matter and indicated to her that as Mr. Brian had worked on the case he might be of some aid to her.
No fee arrangements were made at the time.
In July of 1962 Mr. Bynum visited New Orleans for a conference with Mrs. Loeb but made no fee arrangement then.
*345 In November 1962 Mr. Bynum came again to New Orleans, this time because Mrs. Loeb was demanding a fee of $2,-500.00 for filing two briefs. His wife and an Alabama attorney, Mr. Palmer Keith, accompanied him. Both were present during a conference with Mrs. Loeb, at which it seems an oral agreement concerning fees was reached; what that agreement was is the subject of this suit.
Mr. Brian and Mrs. Loeb testified that it was agreed they would represent Mr. Bynum for a contingent fee of 33%'% of any recovery.
Mr. Keith and Mr. Bynum testified that it was agreed representation would continue for a contingent fee of 20% of any recovery.
Mrs. Bynum, the only other person present at this conference who testified, was unable to recall any discussion concerning fees whatsoever.
The trial court held that the original Mayo contract, being a mandate for personal services, expired on the death of Mayo and was not binding on movers herein. The court further accepted the testimony of movers and held that they had established a new oral contract for a contingent fee of 331/3% of anything recovered.
We agree with the ruling of the court below that the Mayo contract was no longer viable. Succession of Zatarain, La. App., 138 So.2d 163; 7 Am.Jur.2d, Attorneys at Law § 225, § 254.
But we do not agree with the conclusion of the court that the evidence in the record establishes a new contract. While that question does turn on the credibility of witnesses, which the trial court is best able to evaluate, our appreciation of the testimony herein leads us to believe that neither proponents nor opponents are untruthful, which seems to follow the view of the trial court.
We prefer to think that the record indicates confusion and misunderstanding rather than outright untruthfulness and dishonesty. There is testimony to the effect that at the conference of November, 1962, there was some reference made in the course of negotiation to the original Mayo contract. While Mrs. Loeb testified that she would not perform the services for a fee of 20%, Keith and Bynum testified that the agreement reached there was to the effect that services would be continued for the same rate as provided in the Mayo contract which they assert was 20%. Mrs. Loeb was familiar with the terms of this contract. Mr. Keith testified that as a result of their November conference Mrs. Loeb was going to handle the case “on the basis and terms of the contract, a copy of which I asked her to give me.” The contract referred to is the original Mayo contract. He testifies that she said she would operate under the conditions of that contract; that she made no suggestion about working on a 33%% basis, nor did Mr. Brian. He also testified that if there had been a suggestion of a 33%% contract and he had agreed to it, he would have certainly suggested that such contract be placed in writing; that Mrs. Loeb gave him a copy of the original Mayo contract which contract was introduced in evidence, not as binding on the parties to this dispute but to indicate the terms of the oral agreement entered into.
Mr. Bynum testified that he would not have retained Mrs. Loeb for a 331%% fee and that she agreed to represent him for 20%; he also stated that she gave Mr. Keith the photostatic copy of the Mayo contract.
There was no written contract entered into.
 The original Mayo contract is a twofold agreement. It provides for a contingency fee of 20% for the trial of a case involving a contract between Bynum and Pittman; it also provides for a fee of 33%% for the trial of a case between Mr. Bynum and Mr. Pittman, referred to as a “damage suit”. The record reflects that *346 originally two suits were filed, one in Federal Court and one in State Court. It also reflects that the one in Federal Court was dismissed. The testimony of Mrs. Loeb and also Mr. Brian seems to support the testimony that both cases were the same. Thus it is seen that a reference to the “Mayo contract” does not in and of itself specify a 20% fee as opposed to a 331/3% fee. We do not think it is proper to presume that the parties involved in this case were not being truthful. We are of the opinion that the testimony reflects misunderstanding as between the parties; that there had never been a meeting of the minds as to cither a fee of 20% or a fee of 331/3%. Contracts are founded on parties’ agreements and where they misunderstand each other there is no contract. Cheramie v. Stiles, 215 La. 682, 41 So.2d 502; Laborde v. Aymond, 172 La. 905, 135 So. 913; Pittsburgh & Southern Coal Co. v. Slack, 42 La.Ann. 107, 7 So. 230. However, movers herein are entitled to a fair fee on a quantum meruit basis.
There is expert testimony in the record to the effect that a 331/$% contingent fee in a case of this sort is reasonable under the practices prevailing in this community. We note particularly that this opinion, as stated, was for the complete trial of the case in the lower court and on appeal. It appears from the record that before Mr. Mayo’s death and the involvement of Mrs. Loeb in these proceedings, the case had been fully tried and submitted, and only trial briefs were to be written. We note that an appellate brief, inasmuch as it is based on the same record developed at the trial of the case, is generally (and this case does not appear to be an exception in this regard) much the same as the trial brief.
We, therefore, hold that the fee due to the Succession of Mayo, Mrs. Claire Loeb and Donald Brian by S. P. Bynum, is 1/3 of the amount recovered. There are circumstances however of prime importance which require the annulment of the judgment of the court below, and remand of the case. We note that the parties overlooked the fact that the Succession of Harry Mayo is entitled to fair compensation for the services performed under his direction. The Succession has not filed a claim and is unrepresented in these proceedings. However, the record discloses that one of the movers herein, Mrs. Claire Loeb, is the attorney for the Succession. It may well be that the Succession’s interest is minimal, but it is an outstanding interest and therefore the Succession should be made party hereto in order to dispose of the entire case and a judgment determining its interest rendered.
We do not believe the movers are entitled to a full fee of 33i/$% over and above whatever fee, if any, is due to Mr. Mayo or the Mayo Succession. Certainly Mr. Bynum should not be liable for an exorbitant fee and we think it is clear that the parties to this dispute contemplated a single fee for the successful termination of the litigation.
The Mayo Succession should not, however, recover the full 20% contemplated by the original contract, for that was the fee to be paid for complete services which were not, and now can not, be performed. Nor does the record reflect to our satisfaction the participation in the “Mayo” fee that Mr. Brian was to have, though it does seem clear that he is entitled to a part thereof and a part of what we will term the “Loeb” fee.
For the foregoing reasons, it is ordered that the judgment of the court below in favor of movers herein be annulled, and the case remanded to the district court with instructions to order the joining of the Succession of Harry Mayo as a necessary party hereto, and to determine the value of the respective interests of the Succession of Harry Mayo, Mr. Donald Brian, and Mrs. Claire Loeb in this matter, and render judgment accordingly. All costs of this appeal to be paid Ity movers-appel-lees.
Annulled and remanded.