GLADNEY, Judge.
Plaintiff brought this action to recover from the defendant, Bronson Adams Turner, the sum of $2,219.28 and for the issuance of a writ of attachment. The latter had sold to Joel Barrett certain movable and immovable property and retained a vendor’s lien mortgage, evidenced by Barrett’s note, which was deposited with Turner’s bank for collection. Following trial on the merits the court rejected plaintiff’s demands and he has appealed.
The cause of action of Roland V. Mc-Kneely, Sr., plaintiff herein, discloses he agreed to make a loan to Barrett to enable the latter to obtain the release from said mortgage of the movable property. The amount of the loan was to be secured by a first mortgage on the movable property and a second mortgage on immovable property described in Barrett’s mortgage, to Turner, the execution of the agreement being left to plaintiff’s attorney.
The attorney telephoned Grady Tingle, an officer of the First National Bank of Shreveport, and explained to him the transaction, with the request that Tingle contact the defendant, who at that time was in North Carolina, and determine if a release could be secured from the first mortgage on the movable property upon payment of $2,219.28 on Barrett’s indebtedness to Turner. Tingle contacted the defendant and discussed by telephone the matter with Mrs. Turner, who related the conversation to her husband, then confined in a hospital. In the follow-up telephone call between Tingle and Mrs. Turner, Tingle understood the defendant had agreed to so release all of the movable property. Tingle transmitted this information to plaintiff’s attorney who forwarded to Tingle his check for $2,219.28, and enclosed a release to be executed by the defendant. The proceeds-of the check were credited to the mortgage-note prior to obtaining the release fromi Turner. The latter has refused to execute the release with the explanation he agreed' to release only certain specific movable’ property.
There seems to be no disagreement between the parties as to the established facts. Nonetheless, the record clearly indicates Tingle and defendant misunderstood each other as to whether the release would include all or only specific movable property. Tingle understood all of the mortgaged movable property would be released upon the payment by McKneely of $2,219.-28. McKneely’s attorney so understood the representation by Tingle. Turner testified he did not make such an agreement. His wife did not testify.
The single issue presented seems to be-whether or not the facts as so determined disclose the existence of a meeting of the-minds or a common understanding between-Tingle and Turner.
 It is well determined by our statutory law, as found in the Civil Code, that, legally given consent of both parties is-requisite to the validity of a contract, so-that there is no consent and no valid-contract where the consent has been produced by error or fraud. LSA-C.C. Arts. 1779, 1819, 1824. In Cole v. Lumbermens-Mutual Casualty Company, La.App., 160 So.2d 785 (3rd Cir. 1964), the Court observed:
“An error of fact is that ‘which proceeds either from ignorance of that, which really exists, or from a mistaken belief in the existence of that which-has none.’ LSA-C.C. Art. 1821. It is-not every error that will invalidate a. contract, only an error as to some point ‘which was a principal cause for making-the contract’, including error ‘as to the *375 motive for making the contract’. LSA-C.C. Art. 1823.
“As to error in the motive, LSA-C.C. Art. 1824 provides: ‘The reality of the •cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent.’ Further, ‘The error in the .cause of a contract to have the effect •of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which ■.the contract would not have been made.’ LSA-C.C. Art. 1825.” [160 So.2d 785, 788] Commercial Bank of Arcadia v. Dance, La.App., 22 So.2d 478 (2nd Cir. 1945); Louisiana Rural Electric Corporation v. Guillory, 224 La. 73, 68 So.2d 762 (1953).
It is our appreciation of the testimony of Tingle and Turner that there was no complete understanding between them. 'The misunderstanding was upon an essential cause of the contract, that is to say, that the money loaned by plaintiff was to ’be secured by a prior lien on the movable ■property which required the release of all • of the movables from the mortgage. Based • on his understanding such a release would be executed by defendant, Tingle remitted ■plaintiff’s money to Turner. Since receiving the remittance Turner takes the position that the money received by him was . a payment by Barrett upon Barrett’s mort- ■ gage and he, Turner, is not bound by any -instructions from plaintiff or the latter’s .- attorney with respect to the money paid.
The argument is presented by the de■fendant that Tingle was the agent of plain- • tiff and the latter must be bound by Tingle’s . action in crediting as a payment the money received by him from plaintiff’s attorney. "We cannot agree that this is true because ' Tingle, irrespective of whether he was the agent of plaintiff or the agent of defendant, acted in error and upon the assumption that the release would be forthcoming upon transmission of the money. The failure to obtain the release by plaintiff defeated the principal cause of Mc-Kneely in entering into the contract with Barrett. It is inexcusable, therefore, for Turner to retain the money under the circumstances and it was incumbent upon him to refund the money or comply with the requirements of the release.
Accordingly, we find that the trial judge was in error in rejecting plaintiff’s demands and for the foregoing reasons the judgment from which appealed is annulled, reversed and set aside, and it is ordered, adjudged and decreed that there be judgment in favor of Roland V. McKneely, Sr. and against Bronson A.dams Turner in the sum of $2,219.28, together with legal interest thereon from date of judicial demand until paid with maintenance of the writ of attachment as prayed for.
Appellee is taxed with all costs, including costs of this appeal.
Reversed and rendered.