293 So.2d 595 (1974)
WEST ESPLANADE SHELL SERVICE, INC.
v.
Charles E. BREITHOFF, III.
No. 6115.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied May 10, 1974.
*596 Fernand F. Willoz, III, New Orleans, for plaintiff-appellant.
Lyman L. Jones, Jr., Metairie, for defendant-appellee.
Before SAMUEL and SCHOTT, JJ., and MARCEL, J. Pro Tem.
CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This is a suit on an account by West Esplanade Shell Service, Inc., against Charles E. Breithoff, III for repairs to an automobile belonging to Breithoff. Defendant filed a reconventional demand against West Esplanade. From a judgment below dismissing both plaintiff's petition and defendant's reconventional demand, the plaintiff appeals.
The plaintiff owns and operates a gasoline station and automobile repair garage. In May of 1973 defendant brought his 1968 Oldsmobile to plaintiff's station for a general overhaul. The repairs performed consisted of a valve job to the engine, certain front end and air-conditioning work and other miscellaneous repairs. After these were completed, the defendant regained possession of his automobile but refused to pay the bill.
Defendant claimed that he did not receive what he contracted for and that any contract between he and the plaintiff was therefore invalidated.
Defendant testified that he requested the plaintiff estimate the cost of restoring the car to good running order. His main concern was the automobile's excessive consumption of oil and emission of smoke from the tailpipe. He said that the plaintiff told him a valve job, at an approximate cost of $150, would remedy the oil and smoke problem and for an additional $100 he could perform the other, unrelated, repairs. When he came to pick up the car, after the repairs were completed, he refused to pay the bill because the car still smoked and burned oil. He said that only after the repairs were completed did the *597 plaintiff inform him that the smoking and oil consumption could only be completely remedied by an expenditure of $200 more to have the rings replaced.
Plaintiff testified that the defendant brought his car to his place of business to have the miscellaneous repairs performed and also requested a compression test be run on the cylinders. Plaintiff communicated the results of the test explaining that several valves needed replacing and that due to the age of the car the rings probably needed replacing too. Plaintiff testified that he never gave the defendant an estimate of the cost of repairing either the valves or the rings, since one could not tell the extent of the damage until the cylinder heads were removed. Plaintiff said that the heads were removed and he informed the defendant that the rings needed replacing also. Defendant told him that he did not want to spend a great amount of money and to just do the valve job and the other unrelated repairs.
The question before this court concerns the contract between the parties with respect to the repairs for the oil consumption and smoking problem. Did the defendant contract with the plaintiff just to perform a valve job on his car or to make any necessary repairs to alleviate the problem?
In its reasons for judgment, the lower court held that the defendant contracted for the latter. Upon discovering that a ring job was also necessary, plaintiff should have informed defendant of the ring defects and the additional charges before proceeding to repair the valves.
Where there is error in the principal cause, or motive, of contract by one of the parties to the contract, the contract is invalid. The trial court ruled in favor of the defendant's contention that the elimination of the emission of blue smoke and oil consumption was the principal cause for authorizing the valve job. The valve job did not remedy the problem. After a careful review of the record we agree that there is evidence to substantiate the lower court's holding that the contract was invalidated. Plaintiff can therefore not recover for the amount of $71.58 which it expended to have the valves repaired. See Gibert v. Cook, La.App., 144 So.2d 683 (1962); National Company v. Krider, La.App., 150 So.2d 592 (1963).
We are of the opinion that plaintiff has proved it is entitled to recover damages in the amount of $181.18 and to that extent amend the holding of the trial court. This is the amount due the plaintiff for parts and labor in removing the cylinder heads and the additional items of repair and parts furnished that are unrelated to the valve job. The record clearly shows that defendant never denied that these services were performed nor that they were authorized.
Defendant filed a reconventional demand alleging $1,000, the cost for repairing the motor, and $5,000 for pain and anguish. We uphold the finding of the lower court that defendant has failed to offer any substantiating evidence as to this demand.
For the reasons assigned, the judgment appealed is affirmed in part to deny recovery of $71.58 to plaintiff for the cost of the valve job and to dismiss the defendant's reconventional demand and is amended in part to allow plaintiff $181.18 in damages for the services that do not form a dispute between the parties.
Affirmed in part; amended in part, and rendered.
SCHOTT, J., dissents.
SCHOTT, Judge (dissenting in part from the result).
The majority has included in its decree in favor of plaintiff the sum of $50.72 for parts and labor incurred in the removal of the cylinder heads. The record shows that defendant would not have any work done on the cylinders beyond the cost of a valve job and before the cylinder heads were removed he was led to believe by plaintiff *598 that only a valve job was necessary. I would therefore allow plaintiff $130.46 rather than $181.18 as allowed by the majority.

ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff-appellant has filed an application for rehearing in which it calls our attention to the fact that we failed to assess costs in our decree.
We now amend our decree to the extent of ordering that all costs in both courts are to be paid by the defendant-appellee. In all other respects we adhere to our prior opinion and decree.
Accordingly the application for rehearing is denied.