MARVIN, Judge.
The judgment below rejected plaintiff HartselPs demands against Pipes and Pipes’ reconventional demands against Hartsell. Hartsell appeals.
Pipes is in the business of dismantling wrecked vehicles, salvaging and selling the parts therefrom. Plaintiff owned a 1969 Chevrolet which was damaged in the front and rear in a three-car accident. The car was considered to be a “total loss”, not worthy of repair.
Plaintiff’s father “shopped” several wrecking yards about disposition of the wrecked automobile before contacting Pipes. Plaintiff’s father described the condition of the wrecked car to Pipes and negotiated with Pipes to purchase the car for the price of $225.00. Pipes wrote plaintiff a check for this amount and was given the title to the car without seeing the car.
Pipes contracted with a wrecker service (Pilgrim) to tow the car from its location in Vivian to the wrecking yard in Shreveport. The car was in such condition that it could not be towed. Pipes then contacted plaintiff’s father to complain about the father’s representations of the condition of the car. Pipes attempted to renegotiate the price at $175.00 on the basis of the additional damage to the car as revealed to him by Pilgrim but received only a noncommittal answer. At Pipes’ instruction, Pilgrim returned-to Vivian the next day, loaded the car on a flat bed truck and gave plaintiff’s father Pipes’ check for $175.00. Plaintiffs father eventually tore this check in half and gave it back to Pilgrim, who then unloaded the wrecked car and returned to Shreveport. Pipes returned by mail the title to the car.
The testimony below is conflicting as to what was told Pipes by plaintiff’s father about the condition of the Hartsell Chevrolet. Pipes acknowledged he was told about the rear damage, but contends that he asked plaintiff's father about front end damage and was told that there was none except for slight damage to the grill and hood incurred when a wrecker towed it from the scene of the accident. Pipes contends that he would not have paid $225.00 had he known of the true condition of the car.
As a corroborating circumstance of Pipes’ testimony, the trial court mentioned the fact that Pipes had sent a small wrecker to Vivian to tow the car back to Shreveport on the asumption that the car was towable, when in fact it was not towa-ble.
Plaintiff’s father testified that he told Pipes that the car had been in a “head on” collision and that it was damaged in both the front and the rear.
Hartsell brought suit on the $225.00 check, payment on which was stopped by an order of Pipes to his bank. Pipes reconvened for expenses incurred in hiring Pilgrim for wrecker service and for damages for loss of time and inconvenience.
The trial judge concluded that there was no intentional misrepresentation or fraud and that both parties were in good faith. The court further concluded that there was no sale perfected in the instant case because there was no meeting of the minds as to the “essential quality” of the wrecked car. These conclusions are primarily questions of fact and we do not find that the trial court’s findings were manifestly erroneous. The trial judge’s findings of fact are entitled to great weight and should not be disturbed unless manifestly erroneous. Burt v. Burt, 160 La. 387, 107 So. 234 (1926); Winford v. Wilson, 59 So.2d 498 (La.App. 2d Cir. 1952); Cox v. Reliance Insurance Company, 284 So.2d 370 (La.App. 2d Cir. 1973).
On two occasions in recent years this court has considered and reviewed the civil code articles and jurisprudence relating to *629 a factual error or mistake which will vitiate a contract.[1]
In McClure, the error arose under a construction contract which was bid as a lump sum contract but on estimated quantities of materials with unit prices being used as the basis for the lump sum amount. Payment for work done under the contract was assumed by the contractor to be made under unit price projections for actual work, some of which exceeded the estimate on which the bid was based. The paying party assumed he would pay only the lump sum amount.
In Pierce, the error concerned the brand of an air conditioning compressor. The homeowner assumed he was getting a compressor of the same brand it was to replace. The contractor installed one of a different brand but equivalent to the one which it replaced. No mention was made of the brand by either party until after the replacement compressor was installed.
In each case this court found factual error sufficient to vitiate consent by the contractor in McClure and by the homeowner in Pierce.
Other circuits have applied these authorities and reached the same results in cases of factual error in dissimilar factual circumstances. See Jefferson Truck Equipment Co. v. Guarisco, 250 So.2d 211 (La.App. 1st Cir. 1971), and Humble Oil v. Chappuis, 239 So.2d 400 (La.App. 3rd Cir. 1970), writ refused 256 La. 915, 240 So.2d 375 (1970). In Guarisco, the purchaser ordered a specific model number crane under the mistaken assumption that it was of sufficient capacity to handle a particular assignment. In Chappuis, Humble mistakenly prepared and recorded a release of about 30 oil and gas leases but included a comparatively small amount of acreage which was yet in production and which did not have to be released. The acreage, which was unintentionally included in the formal release, was worth more than $1,500,000.00.
In McClure, supra, we said:
“One of the requirements for a valid contract under La.C.C. Art. 1779, is the legal consent of all parties thereto. La. C.C. Art. 1819 provides that there is no consent where it has been produced by error. La.C.C. Articles 1820, 1821 and 1823 define error which will invalidate an agreement:
“ ‘Art. 1820. Kinds of error
Error, as applied to contracts, is of two kinds:
1. Error of fact;
2. Error of law
“ ‘Art. 1821. Error of fact
That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none.’
“ ‘Art. 1823. Sufficiency of error to invalidate contract
Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself.’
“Our conclusions herein are supported by the decisions of the court in Meadors v. Cravy, 165 So.2d 546 (La.App. 2d Cir. 1964); National Company v. Krider, 150 So.2d 592 (La.App. 4th Cir. 1963); Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635 (1942).
*630 “[2,3] Even assuming there was error only on the part of McClure, the same result would obtain as unilateral error of fact is sufficient to abrogate a contract. Jefferson Truck Equipment Co. v. Guarisco Motor Co., 250 So.2d 211 (La.App. 1st Cir. 1971) and cases cited therein.” 276 So.2d 399-400.
In Pierce, supra, we noted that under La.C.C. Art. 1844 and Art. 1845, error as to the qualities of an object other than substance or substantial quality which gives the object its greatest value, will also serve "to vitiate consent if such qualities constitute the principal cause of making the contract.
In Guarisco, supra, it was said:
“[3] We find the case at hand falls within the ambit of LSA-C.C. art. 1845, which provides that a contract may be rescinded for error of fact as to the quality of an object which quality pertains to the principal cause of making the contract. Error as to the nature or object of a contract may be with regard to either the substance of the object of the agreement, or a substantial quality of the object, or of some other quality of the object if such quality is the principal cause of making the contract.
“LSA-C.C. art. 1843 provides that error as to the substance of the object of a contract is sufficient grounds for rescission of an agreement where one or both parties have made such an error. In this regard, art. 1843, above, declares:
“ ‘There is error as to the substance, when the object is of a totally different nature from that which is intended. Thus, if the object of the stipulation be supposed by one or both the parties to be an ingot of silver, and it really is a mass of some other metal that resembles silver, there is an error bearing on the substance of the object.’
“[4, 5] We see no valid basis for distinguishing between an! error as to substance, error as to a substantial quality, and error as to a quality which is the principal cause of a contract. We conclude, therefore, that unilateral error in any one of these respects constitutes ground for rescission of an agreement. We also find that LSA-C.C. art. 1845, which provides that a contract may be rescinded for error as to quality which constitutes the principal cause of a contract, must' be interpreted together with LSA-C.C. art. 1826, which states that error as to a principal cause of a contract does not vitiate a contract unless the other party to the agreement is apprised of the motive of the agreement or is presumed to know such motive.
“Pursuant to the foregoing codal provisions, our brothers of the Third Circuit held in Humble Oil & Refining Company v. P. J. Chappuis, II et al., 239 So.2d 400, that unilateral error as to the quality of an object which constitutes the principal cause of the agreement is sufficient ground for rescission where the other party is apprised of the motive or is presumed to have knowledge thereof. In so declaring, the court stated:
“ ‘Mutual error of fact is not necessary to abrogate a contract. Unilateral error is sufficient . . 250 So.2d 215-216 (Citations Omitted)
The trial court saw and heard the witnesses and accepted the testimony of Pipes and Pilgrim. Pipes assumed he was acquiring an automobile which was towable and which had not been in a head-on collision. On the basis of questions asked by Pipes, plaintiff’s father should have known or is presumed to have known the principal cause of Pipes’ purchase of the car or the qualities which Pipes desired in the car. Whether plaintiff’s father misrepresented the condition of the car or did not know of its true condition when he originally nego *631 tiated with Pipes, the result is the same. Pipes’ consent to the contract was vitiated by error and the trial court was correct in its judgment.
During the events leading up to this litigation and as a protective measure against theft, there was removed from the car a radio which is in the possession of Pipes. The trial court directed the radio be given to Hartsell or his father upon the request of either. We concur. The judgment below is affirmed at appellant’s cost.

. See North Development Company v. McClure, 276 So.2d 395 (La.App. 2d Cir. 1973); Ouachita Air Conditioning, Inc. v. Pierce, 270 So.2d 595 (La.App. 2d Cir. 1972).