SAMUEL, Judge.
Plaintiff filed this suit to rescind a right of way which she had granted the defendant for an electric transmission line over certain property owned by her. The suit is based on an alleged error regarding the nature of the right of way she granted, together with various allegations of fraud and intimidation on the part of defendant’s right of way agent. Defendant filed an exception of no cause of action, which the trial court overruled, and then answered, denying plaintiff’s allegations as to error, fraud and intimidation.
After a trial on the merits, judgment was rendered in favor of plaintiff, invalidating the right of way agreement. The judgment further ordered defendant to pay plaintiff the sum of $2,500, which it designated as a fair market value, “in addition to interest from date of demand until paid and in addition” to the sum of $473 which defendant had originally paid as consideration for the right of way. The judgment did not adjudicate the right of way to defendant. Defendant has appealed.
Imprimis, we note the suit was filed on December 12, 1966 and the judgment appealed from was rendered on September 13, 1978. The record contains testimony taken during the course of three hearings on the merits, on October 15, 1969 and January 7, 1971 before one district judge, and on December 27, 1973 before another district judge. We have no information as to the cause of this delay. However, the second judge referred to rendered the judgment. As that second judge heard only one witness, whose testimony was relatively inconsequential, the manifest error rule is not applicable.
On December 4,1964 defendant’s right of way agent went to plaintiff’s residence in order to negotiate a right of way over certain property owned by her, which property is designated as Lots 7, 8, 9, 10, 14, 41, 42, 43, 44 and 45, Square 55, New Sarpy Subdivision, St. Charles Parish, Louisiana. He had with him a right of way permit. He testified the description of the right of way was already typed on the permit (an issue involved), a plat showing the right of way was attached to the permit when he brought it to plaintiff’s home, and plaintiff understood what she was signing, including the extent of the property affected by the right of way.
Plaintiff testified she had attended school to the fourth grade and could read and write only to a limited extent. Prior to the time defendant’s agent contacted her regarding this right of way she had cleared some of the property in suit for the purpose of constructing a residence on it. At that time there existed a right of way in favor of Shell Oil Company on which there was a pipeline. As represented by defendant’s agent, it was her understanding the right of way being sought would be coextensive with that held be Shell. She attempted, for some time without success, to obtain a copy of the right of way document from the defendant. When she finally obtained such a copy, she saw the servitude in suit did not *754 coincide with the Shell pipeline servitude and that the servitude in suit contained an additional 3,360 square feet of her property, including the property on which she intended to construct a residence. She immediately complained to the defendant regarding this discrepancy. In response, a defendant right of way agent (other than the one who had obtained her signature) wrote plaintiff a letter which expressed regret for “the misunderstanding as to the building restrictions”. Plaintiff further testified she would not have signed the agreement in suit had she known so much of her property was included in the proposed right of way.
From the testimony stated above, the letter referred to in plaintiff’s testimony (which letter tends to support plaintiff’s testimony regarding her misconception of the property included in the right of way), and other evidence contained in the record, we are satisfied that plaintiff understandably was under the impression she was granting to the defendant a right of way which was only coextensive with the Shell pipeline servitude and that she did not know the right of way in suit included so much additional property.
The law is clear that there can be no binding contract when consent has been produced by error.[1] When such error goes to the principal cause or motive for making the contract, it is invalid for want of the consent of both parties.[2] Here, if the error is considered as being a principal cause, under that rule of law the right of way contract in suit is invalid.
However, we do not invalidate the contract and thus place the parties back in the same positions they were prior to its execution. The transmission line has been constructed and been in use for many years. While the petition filed by plaintiff did pray for rescission of the right of way agreement with restoration to her of full possession of the property, it also alternatively prayed for judgment in plaintiff’s favor for the true and full value of the property encompassed in the right of way. The petition does not allege a tender of the consideration paid by the defendant for the right of way, nor has such a tender or payment of that amount been made. And in this court plaintiff prays only that we affirm the judgment appealed from. Insofar as the defendant is concerned, in this court it prays for reversal and, alternatively, “that it receive a credit for the money already paid the plaintiff for the right of way permit, if it be required to pay more for the right of way, and that there be an adjudication of the right of way to the defendant upon payment of any more money to the plaintiff in the event the holding of the District Court that the right of way permit is invalid is affirmed by this Court.” Accordingly, we are satisfied both parties now seek only to have this long delayed matter brought to an end in this suit.
Finally, we address ourselves to the issue of consideration. The only evidence contained in the record concerning this question is the testimony of two expert appraisers, one called by the plaintiff and the other by the defendant. Defendant’s expert testified that the amount originally paid, $473, was sufficient and proper consideration. The testimony of plaintiff’s expert is confusing and, as transcribed, contains arithmetical errors. However, in his opinion the value of the property included in the right of way in suit was and is[3] $1,318 (the value of the area covered by the Shell right of way, $646, plus the value of the area not covered by the Shell right of way, $672) and that there were residual damages of $390, a total of $1,708. We accept the testimony of plaintiff’s expert, and as there is no evidence in the record to support the trial court judgment totaling $2,973 ($473 plus *755 $2,500), we reduce that judgment to $1,235 ($1,708, plaintiff appraiser’s total valuation, less a credit of $473, the amount originally paid by defendant for the right of way) and adjudicate title to defendant upon its payment of $1,235 to the plaintiff.
For the reasons assigned, the judgment appealed from is amended and recast so as to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that upon the payment of the sum of $1,235, together with legal interest thereon from date of judicial demand until paid, by the defendant, Louisiana Power & Light Company, to the plaintiff, Laura Myles, the defendant, Louisiana Power & Light Company, be recognized as, and adjudicated to be, the owner of
“A right of way 100 feet in width and approximately 175 feet in length and/or all damages to build, operate and maintain electric facilities on property described as lots 7, 8, 9, 10, 14, 41, 42, 43, 44 and 45, Sq. 55, New Sarpy Subdivision, St. Charles Parish, Louisiana.”
All costs in both courts are to be paid by the defendant, Louisiana Power & Light Company.
AMENDED AND RECAST.

. See Carlton v. Great American Insurance Company, La.App., 273 So.2d 655; McKneely v. Turner, La.App,, 193 So.2d 373,

. Civil Code Articles 1819, 1821, 1823, 1825 and 1845; Cheramie v. Stiles, 215 La. 682, 41 So.2d 502; Gibert v. Cook, La.App., 144 So.2d 683; McCarty v. Anderson, La.App., 58 So.2d 255.

,He stated the property had the same value at the time he testified as it had at the time of execution of the right of way deed.