SOMMERVILLE, J.
Tlie plaintiff, recently a resident of Wichita, Kan., and now domiciled in St. Helena parish, in this state, sues the defendant hank for the cancellation of the sale of certain lands in St. Helena parish by the bank to him on June 5, 1913, and for $12,300, with interest, or to return to petitioner certain property which he (petitioner) owned in Wichita, Kan., in 1913, and which he alleges had been transferred by him to certain agents of the defendant bank, together with nine promissory notes, aggregating $2,700, which were signed by him and given to the bank at the time of the transfer of the property to him; in other words, he alleges that there had been an exchange of properties, and he asks that it be set aside, and, in the alternative, in the event that the court should decide that the petitioner was not entitled to a rescission of the sale, that he have a diminution of the price, as 610 acres contracted for had not been delivered to him.
Plaintiff alleges that the bank, through its agents, made false representations to him concerning the land in St. Helena parish, by saying that it was approximately 8 miles from the town of Kentwood; that there were approximately 75 acres of very rich loam bottom land cleared and ready for cultivation, most of it under fence; that there were approximately 175 acres of Monroe silt loam land, which had been in cultivation, all of which was under fence; that the balance of the land, known as cut-over land, still had the stumps on it, and that about 100 acres of this cut-over land was rolling and comparatively rough; that the balance of tlie cut-over land was level enough for cultivation; and that approximately 300,000 or 400,000 feet of merchantable timber was on the land; that there was an abundance of pasture land grown up with an abundance of Lespadeze or Japan clover; and that it was falsely represented to him that the cleared land was worth $30 per acre and the uncleared $20 per acre, etc.
Plaintiff avers that the above false representations as to the nature, location, and value of the land owned by the bank induced him to transfer his Kansas property to the bank and its agents, and that he accepted in exchange the lands of the bank in St. Helena, which were old, worn-out, and of little value, and that there was error on his part as to a material part of the contract.
Defendant answered, denying all the allegations contained in the petition, even denying that it had transferred the land described in the petition located in St. Helena parish to the plaintiff, or that it had received the land in Wichita, Kan., which had been previously owned by the plaintiff.
There was judgment in favor of the defendant rejecting the demand of the plaintiff for a rescission of the sale of the land in St. Helena parish, and for the return of the land in Wichita, Kan., and a denial of the order to transfer by the defendant to the plaintiff the nine notes for $2,700 signed by him. There was judgment in favor of the plaintiff and against the defendant for a diminution of the price of the land sold in St. Helena parish, amounting to 65.29 acres at $25 per acre, in the full sum of $1,632.25, with interest from date of judgment.
Defendant has appealed, and plaintiff has answered the appeal, asking for’ an amendment of the judgment rescinding the sales of the lands referred to.
[1] The act of sale by the bank to Pike is an act under private signature of date June 9, 1913, duly recorded. It is regular in form and free from ambiguities. The thing sold was 610 acres, more or less; and *707 the consideration was declared to be “a valid and valuable consideration heretofore paid and delivered to the vendor and the further price and sum of $2,700” in nine notes. The act is signed by the “Kentwood Bank, by R. A. Kent, Pres., and by E. S. Pike.” It is further recited in the act that the sale is made by the president under a resolution of the board of directors of the bank. The resolution and the act of sale both represent that the bank was the owner and vendor of the property sold Pike; and when the bank offered parol testimony to prove that, while the act of sale was in the name of the bank, it was acting for another, one T. H. McNye, the evidence was objected to, and the objection was overruled. There was error in the ruling. It was not competent for the bank to alter, vary, or change the written act of sale by parol evidence. It could not show by parol that it was not the owner and vendor of the land.
Plaintiff alleges that the sale of the Kansas property by him, while made to William Hanson and T. N. McNye, was really made to them as agents of the Kentwood bank; and therefore the sale was made to the bank. But the evidence offered was not competent or sufficient to sustain the allegations of sale or exchange between him and the bank.
[2] As to the alleged fraud on the part of the bank and its agents in reference to the value and worth of the land, and the uses to which it had been and might be put, these are not such misrepresentations as to cause the contract of sale to be set aside. All of these matters could have been verified by an inspection of the land, which was accessible to the plaintiff at all times.
[3] The evidence shows positively that there was not 610 acres of land sold by the defendant to the plaintiff. As was found by the district judge, there was a deficiency of 65.29 acres, which is more than one-twentieth of the whole, and plaintiff is therefore entitled to a diminution of the price to that extent.
The judgment appealed from is affirmed, with costs.