## CODY v. VERGEZ

———

(June 24, 1929. Opinion and Decree.)

———

Titche, Kiam and Titche, of New Orleans, attorneys for plaintiff, appellee.

Emile Pomes and Charles J. McCabe, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiff, a real estate broker, sues defendant for commission and attorney's fees upon a written contract which provided: "Should I fail to comply with the terms of this offer, if accepted, I obligate myself to pay the commission, and all fees and costs incurred in enforcing collection." Defendant admits signing the contract, but denies liability upon the ground that he was induced to sign the contract through fraud and misrepresentation by plaintiff's agent, Ralph Cucullu, who stated that the property defendant sought to purchase was rented for $60 per month, but as a matter of fact and truth the said property was rented for $50 per

month. There was judgment in favor of plaintiff and defendant has appealed.

The evidence shows that plaintiff's agent called upon defendant in order to sell defendant a double cottage for the sum of $5,400, stating that the property brought $60 per month rent; that defendant signed an offer to purchase the property for $5,400, and agreed to pay plaintiff's commission amounting to $216, and all fees and costs incurred in enforcing collection, in the event that defendant failed to comply with the terms of his offer. The offer was dated October 3, 1925, and on October 5, 1925, plaintiff obtained the signature of the owner to the contract, accepting defendant's offer.

The defendant contends that, subsequent to October 5, 1925, he and Mr. Cucullu went to view the property, and then learned from the tenants that the property was bringing $50 per month rent, instead of $60; that the defendant and Mr. Cucullu then went to plaintiff's office, and defendant protested against putting up the deposit, because he had purchased the property for an investment, and that the revenue would not justify the purchase price, in view of the fact that the property brought $50 rent per month, instead of $60 per month.

Plaintiff admits that there was some discussion about the rent, but contends that defendant refused to put up the deposit and comply with his contract because the property was in need of certain repairs. It is to be noted that the written contract does not provide that the property should be repaired, and does not in any way state what the condition of the property was. The contract does not contain any provision making the offer conditional upon the property bringing a rental of $60 per month. The evidence shows that plaintiff relied upon the statement of Mr. Cucullu, a friend of defendant, that the property brought $60 per month rent.

Mr. Cucullu testified as a witness for defendant, and from his testimony we are convinced that there was no intention to mislead or defraud defendant, but that Mr. Cucullu was simply in error as to the amount of rent the property was bringing. The record shows that the property was accessible and convenient for defendant to examine it, and ascertain from the owner or tenant what amount of rent the property was bringing. This avenue of information was readily accessible and open to defendant, and he failed to avail himself of this source of information, and depended upon his own judgment as to whether or not he would purchase the property. Under the circumstances, we do not feel justified in setting aside the contract on the ground of fraud or misrepresentation.

In the case of Davitt vs. Long-Bell Farm Land Corporation et al., 162 La. 59, 110 So. 88, the Supreme Court quoted the following language with approval:

" 'Statements of a vendor of land as to the value and worth of the land and the uses to which it had been and might be put, are not such misrepresentations as to cause the contract of sale to be set aside, where all such matters could have been verified by an inspection of the land, which was accessible to the purchaser at all times.' Pike v. Kentwood Bank, 146 La. Ann. 704, 83 So. 904; Forsman v. Mace, 111 La. 28, 35 So. 372; Melka v. Brooks-Scanlon Co., Court of Appeal First Circuit, February 27, 1915 (opinion filed in Tangipahoa parish March 3, 1915.)' "

Article 1847 of the Civil Code provides:

"A false assertion as to the value of that which is the object of the contract, is not such an artifice as will invalidate the

agreement, provided the object is of such a nature and is in such a situation that he, who is induced to contract by means of the assertion, might with ordinary attention have detected the falsehood; he shall then be supposed to have been influenced more by his own judgment than the assertion of the other."

The learned judge a quo reached the conclusion that the defendant has failed to prove fraud and misrepresentation, and the record shows that his decision is correct. In Davitt vs. Long-Bell Farm Land Corporation, supra, the court quoted the following language with approval:

"The burden rests on appellant to show, to the satisfaction of this court, that the judgment appealed from is erroneous. And that burden is not discharged, in a case involving only issues of fact, by the appellant merely pointing out that the evidence is conflicting and that the trial judge or jury might, on such conflicting evidence, have reached a different conclusion," citing Hanton v. N. O. & C. R. L. & P. Co., 124 La. 562, 583, 50 So. 544; Winn v. Strickland, 151 La. 235, 91 So. 719; Wall v. Dudley, 152 La. 911, 94 So. 441.

There is a slight error in the judgment of the district court that must be corrected. The commission amounted to $216, and the district judge found that $25 would be a reasonable attorney's fee, making a total of $241; however, the court allowed $258, with legal interest thereon, and $25 attorney's fee.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, granting unto plaintiff and appellee the sum of $216, with legal interest thereon from judicial demand until paid, and $25 additional as attorney's fees, and, as thus amended, affirmed. Defendant and appellant to pay the costs of both courts.