71 So.2d 133

CARPENTER v. SKINNER et al.

Nos. 41115, 41203.

Feb. 15, 1954.

Salvador Anzelmo, New Orleans, for plaintiff and appellant.

Andry & Andry, New Orleans, for defendants, plaintiff in reconvention and appellants.

Augustus W. Merritt, New Orleans, for defendant-appellee.

MOISE, Justice.

Plaintiff, William Carpenter, brings an action against W. E. Skinner, his proposed vendee, and Eason-Jeansonne, realtors, his real estate agent. The form of the action is one for specific performance of a contract to purchase certain designated property—No. 4440 Frenchman St. in the City of New Orleans, owned by plaintiff and listed for sale with Eason-Jeansonne. The plaintiff urges an alternative prayer for the forfeiture of a deposit of $1,120, earnest money, given by way of a note. He filed a supplemental petition in which he alleged that the note for $1,120, deposited with the real estate agent as earnest money, was given and received without his authorization and consent, and that he never confirmed and ratified such a proceeding. He likewise prayed in that petition that the

original petition be amended so that he might have judgment against the defendants for $500 attorney's fees.

It will be seen that the amended petition has contradictory statements from the allegations of the original petition in that in the original petition plaintiff sues for the specific performance of a contract. Under the allegations of the supplemental and amended petition, plaintiff's statements are such that we might conclude the non-existence of a contract for the reason that he alleges that he did not ratify, confirm and authorize the giving of a note in lieu of cash in the contract to purchase.

An exception of no legal cause or right of action was filed by defendant Skinner, and the able judge of the district court referred this exception to the merits.

Eason-Jeansonne filed an exception of no legal right or cause of action which was maintained.

The judgment of the trial court dismissed plaintiff's suit against W. E. Skinner as well as the reconventional demand of the real estate agents against Skinner. The trial judge concluded that the defendant Skinner was induced to sign the contract to purchase through the misrepresentation that the property was located in a white neighborhood when in truth and fact it was not. This statement of the trial court is the key which unlocks the whole legal question for determination. From the judgment, plaintiff, William Carpenter, and the plaintiffs in reconvention have appealed.

The record discloses that the Skinners were interested in the property herein involved, and the evidence, with reasonable certainty, shows that defendant Skinner wanted to purchase property in a white neighborhood. This was the sworn testimony of three witnesses. On the other hand, the real estate agent gave a weak denial of the fact of false representation. The judge who saw and heard the witnesses believed that misrepresentation had been made as claimed by the defendant. On the question of fact, the district court found for the defendant Skinner, and after a careful scrutiny of the record, we are unwilling to say that his judgment was manifestly erroneous. Moser v. Moser, 220 La. 295, 56 So.2d 553; Nalty v. Nalty, 222 La. 911, 64 So.2d 216; Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367.

In fact, our conclusion is that the misrepresentation was made as claimed in defendant's answer and the testimony of his witnesses. The ascertainment of the truth was a matter of difficulty for this defendant because he could not have secured information from the telephone listings or the City Directory, and the only way he could have ascertained knowledge with certainty would have been to pull the door bells in that neighborhood to find out the shade of skin of the occupants of the home. It is but natural that a prospective purchaser should rely, under these circumstances, on the faith of the representation made by the real estate agent.

The above facts having been found by the district court and this Court, there now remains the duty of applying the law.

"Agreements legally entered into have the effect of laws on those who have formed them.

"They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.

"They must be performed with good faith." Article 1901 of the LSA–Civil Code.

"When the parties have the legal capacity to form a contract, the next requisite to its validity is their consent. This being a mere operation of the mind, can have no effect, unless it be evinced in some manner that shall cause it to be understood by the other parties to the contract. To prevent error in this essential point, the law establishes, by certain rules adapted to the nature of the contract, what circumstances shall be evidence of such consent, and how those circumstances shall be proved; these come within the purview of the law of evidence." Article 1797 of the LSA–Civil Code.

"It is elementary that a contract arises only where both parties have agreed to its terms." Colgin v. Security Storage & Van Co., Inc., 208 La. 173, 23 So.2d 36, 40, 160 A.L.R. 1107.

Article 1819 of the LSA–Civil Code reads:

"Consent being the concurrence of intention in two or more persons, with regard to a matter understood by all, reciprocally communicated, and resulting in each party from a free and deliberate exercise of the will, it follows that there is no consent, not only where the intent has not been mutually communicated or implied, as is provided in the preceding paragraph, but also where it has been produced by—

"Error;

"Fraud".

In Article 1821 of the LSA–Civil Code, it is further provided:

"That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none."

Defendant in discovering the character of the neighborhood refused to deposit cash in lieu of the note and refused to purchase the property herein involved.

Article 1823 of the LSA–Civil Code states:

"Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the

person with whom it is made, or to the subject matter of the contract itself."

It is shown in this case that the defendant's motive for purchasing this property was that it be located in a white neighborhood, and it was this belief predicated on the representation made by the real estate agent that induced Mr. Skinner and his daughter to sign the note at the persistence of the real estate agent on a Sunday.

Article 1825 of the LSA–Civil Code prescribes:

"The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and the means that consideration without which the contract would not have been made."

 It is self evident that defendant's motive for entering into the contract was the belief that the property was located in a white neighborhood, and this is further brought out by his conduct in refusing to go on with the contract when he discovered that the property was not located in a white neighborhood as represented to him and his family.

"Where there exists error of fact, proceeding either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none, and this error was the principal cause of, and bore upon the motive for, yielding consent to a cer-

tain business agreement, relief against it may be had." Calhoun v. Teal, 106 La. 47, 30 So. 288. Syllabus by the Court.

" * * * Contracts are founded on the agreements, not on the disagreements, of the parties. Where they misunderstand each other, there is no contract. Pittsburg & Southern Coal Co. v. Slack, 42 La.Ann. 107, 7 So. 230." Laborde v. Aymond, 172 La. 905, 135 So. 913, 914.

" * * * Consent in law is more than a mere formal act of the mind. Legal consent is an act unclouded by error or mistake. Consent is vitiated by error. Consent produced by error of fact is not legal consent. * * * " Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635, 639. See, Cheramie v. Stiles, 215 La. 682, 41 So.2d 502; McCarty v. Anderson, La.App., 58 So.2d 255, writs refused; Guerin Theater Seating System, Inc. v. Guerin, 163 La. 426, 112 So. 34; American Guaranty Co. v. Sunset Realty & Planting Co., Inc., 208 La. 772, 23 So.2d 409; McDade v. Green, La.App., 157 So. 275; Chatman v. Giddens, (Hardy v. Same—Combs v. Same), 150 La. 594, 91 So. 56.

 The district judge held, and so do we, that the defendant Skinner was erroneously informed that the house which he was to purchase was located in a white neighborhood. This was an error of fact.

This error was on the principal cause, and the Skinner family would never have agreed to purchase the properly if it had known that the neighborhood was inhabited by persons of color. We feel that the real estate agent was apprised of the Skinner's intentions, and she knew their state of mind. It was her duty to be informed as to the neighborhood and the character of the property she had listed for sale. Misrepresentation is fatal.

We do not believe that the law imposed the duty on the Skinners to examine City records or those of some public Board of Health or corporation or bureau, nor should they have had to pull or push bells in the neighborhood to determine the color of their prospective neighbors. The information could not have been readily ascertained by ordinary inspection. The cases of Rocchi v. Schwabacher & Hirsch, 33 La. Ann. 1364; and Pike v. Kentwood Bank, 146 La. 704, 83 So. 904, are not apposite. Therefore, we find that there was no consent to purchase the property located at 4440 Frenchman St., New Orleans, Louisiana.

For the reasons assigned, the judgment of the trial court in favor of the defendant, W. E. Skinner, and against the plaintiff, William L. Carpenter, dismissing plaintiff's suit, as against the said defendant, W. E. Skinner, is affirmed.

It is further ordered, adjudged and decreed that the judgment in favor of the defendants, Eason-Jeansonne, Realtors,

Angus Eason, Jr. and Bennie Jeansonne, plaintiffs in reconvention, and against the plaintiff, William L. Carpenter, dismissing plaintiff's suit is affirmed. All costs to be paid by plaintiff.

It is further ordered that the judgment of the trial court in favor of the defendant, W. E. Skinner, and against the plaintiff in reconvention, Eason-Jeansonne, and Angus Eason, Jr. and Bennie Jeansonne, dismissing their reconventional demand is affirmed. All costs of the reconventional demand to be paid by plaintiffs in reconvention.