260 So.2d 377 (1972)
Allen C. LOUVIERE
v.
Theresa Liberto METEYE.
No. 4922.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1972.
*378 Roy L. Price, Metairie, for plaintiff-appellee.
Gordon Hackman, Boutte, for defendant-appellant.
Before SAMUEL, CHASEZ and BOUTALL, JJ.
CHASEZ, Judge.
Plaintiff, Allen C. Louviere, instituted this suit against defendant, Theresa Liberto Meteye, to cancel and rescind an act of sale entered into between the parties. Plaintiff alleges that property designated as portions of Lots 13 and 16 and all of Lots 14 and 15, Square 17 of Own Your Own Subdivision, located in Jefferson Parish, Louisiana, was purchased under a mistaken belief that said property was zoned for commercial use when in reality this property is zoned for residential use. Defendant answered, alleging that plaintiff knew the property in question was residential.
The matter was tried in the 24th Judicial District Court for the Parish of Jefferson wherein judgment was rendered in favor of the plaintiff and against the defendant, rescinding the sale and ordering a return of all sums paid by the plaintiff to defendant on the purchase of the property and the return of said property to the defendant. From this judgment defendant has appealed.
On May 30, 1967 plaintiff entered into an agreement to purchase from the defendant the property located in Jefferson Parish. Contained within this agreement is the condition that the sale was subject to the property being zoned "C-2 Commercial". Pursuant to this agreement the property was transferred on July 1, 1967 by act of sale before Roy L. Price, Notary.
Plaintiff testified that at all times he believed the property to be zoned C-2 Commercial. He stated that there is a motel nearby and that he had no reason to disbelieve that this property was anything other than commercially zoned. Additionally, plaintiff produced a letter from the Planning Department of Jefferson Parish that property fronting the West side of North Sibley Street between Airline Highway and Boone Street was zoned C-2 General Commercial for a depth of 250 feet North of Airline Highway. Plaintiff believed that this property fell within bounds described within the letter. No survey was taken but plaintiff later determined by pacing it off that the property was not within the 250 foot depth, but was instead beyond 250 feet and zoned R-1 Residential.
Defendant contends that this action is governed by the articles of the Louisiana Civil Code which concern redhibition, LSA-C.C., Articles 2520 et seq., and that the prescriptive period of one year must apply and plaintiff's suit be dismissed. We do not agree. In order for redhibition to apply there must be a vice or *379 defect in the thing sold which renders it useless, or so inconvenient and imperfect that it is presumed that the buyer would not have purchased it if the vice or defect was known, [LSA-C.C. Article 2520], the essential element being a vice or defect in the object sold. The fact that the property was not zoned as the buyer wanted is not a defect or vice within the meaning intended by the articles of redhibition. The parties to the present suit were laboring under a mistake or error that more properly gives rise to rescission under LSA-C.C., Articles 1821, et seq.
For an error to invalidate a contract it must be interrelated to the principal cause for making the contract. LSA-C.C. Article 1823. The principal cause for making this contract for the sale of land was the desire to use it for commercial purposes. Plaintiff's sole reason for purchasing this land was for the development of a commercial enterprise. Clearly indicative of this is the condition written in the agreement to sell that the property be zoned "C-2 Commercial".
Where the vendee labors under an error fact as to the mistaken belief of a property's zoning restriction and that such belief being a principal cause of the sale is justifiable in relation to the circumstances surrounding the case, then rescission of the contract may be obtained. C. H. Boehmer Sales Agency v. Russo, 99 So.2d 475 (La.App., Orleans, 1958); Carpenter v. Skinner, 224 La. 848, 71 So.2d 133 (1954).
Counsel for defendant contends that because defendant was unable to read she did not know of the clause in the contract requiring the property to be zoned C-2 Commercial and that same was never read or explained to her. However, in defendant's testimony she stated that there was some discussion relating to the zoning of this property. We are convinced that error of fact invalidates this contract. Additionally, there was never any meeting of the minds or mutual consent for this contract as both parties labored under mistaken beliefs.
Defendant's contention that Roy Price as notary should not have been allowed to testify as violative of an attorney-client privilege with defendant is not well founded. Price testified as a notary and not as defendant's attorney. The record does not contain any evidence that defendant had ever entered an attorney-client relationship with Price. Therefore, no privilege can justifiably be asserted.
For the foregoing reasons judgment of the lower court is affirmed. Costs to be paid by the appellant.
Affirmed.