284 So.2d 892 (1973)
Pascal MARCELLO
v.
Frederick J. BUSSIERE and Virginia C. Bussiere.
No. 53104.
Supreme Court of Louisiana.
October 29, 1973.
Rehearing Denied November 30, 1973.
*893 Carl O. Brown, Jr., New Orleans, for defendants-applicants.
Wayne Douglas Mancuso, Gretna, for plaintiff-respondent.
SANDERS, Chief Justice.
This case raises the question of whether the sale of a bar-lounge business and a related lease should be rescinded because of a vice of consent. The Court of Appeal upheld the sale and the lease. 269 So.2d 285. We reverse.
The facts disclosed by the record are these: The defendants, Mr. and Mrs. Frederick J. Bussiere, had recently moved from New Hampshire to Gretna, Louisiana. They were interested in a business opportunity. This interest was expressed to Fred Bonvillian, an insurance agent. Bonvillian informed the defendants of the availability of the property known as the "Joy Lounge" located at 319 Huey Long Avenue in Gretna. Arrangements were made for the Bussieres to meet Pascal Marcello, the plaintiff, who held the lease.
Marcello had leased the property since 1960. On a prior occasion, he subleased the premises as a cocktail lounge. The business had been closed for about six months prior to the present negotiations, because the alcoholic beverage license had been revoked by the City of Gretna.
The Bussieres met with Marcello and inspected the premises. On April 24, 1970, the defendants entered into a written agreement to purchase the following described business in Jefferson Parish:
"That Business known as `The Joy Lounge' located at 319 Huey P. Long Avenue, Gretna, Louisiana and to all the equipment described as follows:. . ." [A description of the bar equipment follows].
The agreement provided for the passing of the act of sale within 30 days and the payment of $6500.00 cash at the time of the execution of the sale.
The defendants were to take immediate possession of the building and assume all liability for the necessary taxes, insurance and expenses associated with conducting the business.
The plaintiff verbally agreed to lease the property to defendants for two years at a monthly rental of $250 per month. A written lease was to be executed.
The Bussieres paid the $6500.00 purchase price for the business and equipment on May 14, 1970. They paid rent, electricity, and insurance for the months of May and June. During these months, the defendants engaged in extensive renovation of the premises. They discontinued renovations *894 after being informed that they could not get an alcoholic beverage license.
Neither the act of sale nor lease were ever executed.
On July 16, 1970, the defendants received a letter from plaintiff demanding the payment of the rent for the period commencing July 15. The defendants informed the plaintiff that no further rental payments would be forthcoming.
Plaintiff instituted this suit on August 11, 1970. He prayed for the unpaid balance on a two-year lease ($250 per month for 22 months or $6,500.00). He further prayed that a writ of sequestration be issued for the seizure of the contents of the bar-lounge.
On August 28, 1970, the defendants filed an answer and reconventional demand. The defendants alleged the invalidity of the sale and lease because of fraud or error. They sought damages against Marcello and Bonvillian.
After trial, the district court rendered judgment on the main demand in favor of the plaintiff, Pascal Marcello, and against the defendants, Frederick J. Bussiere and Virginia C. Bussiere, in the sum of $250.00 for one month's unpaid rent. It rescinded the sale, because of error, and rendered judgment in favor of the plaintiffs in reconvention, Frederick J. Bussiere and Virginia C. Bussiere, in the sum of $6500.00, the amount paid in connection with the sale.
Marcello appealed and the Bussieres answered the appeal seeking relief from the $250.00 judgment and recovery of $6700.00 for the cost of renovations. The Court of Appeal, as we have observed, reversed the judgment on the reconventional demand and upheld the sale of the business.
In this Court, as in the Court of Appeal, the plaintiff in reconvention, Mr. and Mrs. Bussiere, seek to set aside the contracts for the transfer of the business on the grounds of both fraud and error. These contracts, a sale and a lease, are so interrelated that they must stand or fall together.
Plaintiffs in reconvention allege fraud. They assert that, during the negotiations for the transfer of the business, the seller represented that the business was a going concern, temporarily closed for repairs, when in fact it had been closed because of the revocation of the license for six months. Moreover, they assert, that the seller assured them that he would secure an alcoholic beverage license for them.
One who charges fraud has the burden of proving it by clear and convincing evidence. Sanders v. Sanders, 222 La. 233, 62 So.2d 284 (1952); Packwood v. Johnson, La.App., 264 So.2d 663 (1972); Walton v. Bufkin, La.App., 135 So.2d 309 (1961).
We have reviewed the record and conclude that the evidence is insufficient to establish fraud. At best, the evidence establishes only that the seller stated that he knew of no reason why the purchasers could not secure the requisite license. Although the purchasers apparently assumed that the business was closed only a short time for repairs, the seller made no misrepresentations concerning the closure.
Upon rejection of the allegation of fraud, the substantial issue is whether the sale should be rescinded because of error.
As to error, the Louisiana Civil Code provides:
Article 1825:
"The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made."
Article 1826:
"No error in the motive can invalidate a contract, unless the other party was *895 apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it."
Error in the determining motive, or principal cause, vitiates consent and invalidates a contract. Error as to a subsidiary motive has no effect upon the validity of a contract. Cryer v. M & M Manufacturing Company, Inc., La., 273 So.2d 818 (1973); Stack v. Irwin, 246 La. 777, 167 So.2d 363 (1964); Carpenter v. Skinner, 224 La. 848, 71 So.2d 133 (1954).
The record reflects that Mr. and Mrs. Bussiere, a retired couple, were seeking to invest funds secured by borrowing on a home mortgage in a small operating business that would give them some security. The determining motive for the present contracts was to secure a going bar-lounge business for their continued operation. An alcoholic beverage license was of course essential for operation of the business. This determining motive, in our opinion, was either known to the seller or, from the circumstances, should have been known to him.
The record establishes that the alcoholic beverage license of the last operator had been revoked, and the business had been closed for about six months. As the trial judge found, "The business involved in this sale was . . . non-existent and possessed neither good will nor the ability to function in view of the attitude of the Gretna officials toward its reputation." When the purchasers contacted the Chief of Police of Gretna, they were informed he would not approve a license for them to operate the business. The Bussiere's written application for a license, marked denied by the Chief of Police, was admitted in evidence without objection.
Plaintiff contends that the written application should not be considered because it was presented to the Chief of Police after this suit for past-due rent had been instituted. This contention is not persuasive, because the document was admitted in evidence without objection.[1]
Since the purchasers received no going business and could not secure a license to operate, we conclude that there was an error in the principal cause of the contract. It makes no difference whether we classify the error as one of fact or one of both fact and law. The result is the same. The contracts must be rescinded. See LSA-C.C. Arts. 1821, 1822, 1846; Stack v. Irwin, supra; Boehmer Sales Agency v. Russo, La.App., 99 So.2d 475 (1958); 19 La.L.Rev. 196, 199-200.
Because of the rescission of the sale and lease, the purchasers are entitled to recover the sum of $6500.00 paid on the sale contract.
For renovations, the Bussiere's claim $6700.00. The evidence is insufficient to establish the cost of the renovations. As the trial judge correctly found, "No item of damage has been proved by the required preponderance [of the evidence]."[2]
Although Fred Bonvillian was made a defendant in the reconventional demand, no evidence was adduced to establish liability on his part.
For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside. Judgment is rendered on the main demand in favor of the defendants, Frederick J. Bussiere and Virginia C. Bussiere, against the plaintiff, Pascal Marcello, rejecting the demand.
*896 Judgment is rendered on the reconventional demand in favor of plaintiffs in reconvention, Frederick J. Bussiere and Virginia C. Bussiere, against the defendant in reconvention, Pascal Marcello, rescinding and setting aside the sale and lease entered into between them relating to the Joy Lounge, located at 319 Huey Long Avenue in Gretna, Louisiana.
Judgment is further rendered on the reconventional demand in favor of plaintiffs in reconvention, Frederick J. Bussiere and Virginia C. Bussiere, against the defendant, Pascal Marcello, in the sum of $6500.00, with legal interest thereon from judicial demand until paid.
Judgment is further rendered assessing all costs of court against the defendant in reconvention.
DIXON and CALOGERO, JJ., concur.
NOTES
[1] Although the Chief of Police does not issue the license, the record reflects that his approval is the first step in securing it. In fact, the standard form used has a place on it for the approval of the Chief of Police.
[2] The witness Fred Bonvillian at one point (Tr. 160-161) testified that he was advanced "better than $2500.00" for material and labor. The witness's testimony continues concerning a loan. This vague testimony, containing no itemization of costs, is insufficient for an award.