290 So.2d 302 (1974)
AMERICAN BANK & TRUST COMPANY
v.
BLUE BIRD RESTAURANT & LOUNGE, INC., et al.
No. 53790.
Supreme Court of Louisiana.
February 18, 1974.
*303 Warren L. Mengis, Mengis, Durant & Carpenter, Baton Rouge, for defendant-applicant.
Frederick Kroenke, Jr., McCollister, Belcher, McCleary & Fazio, Baton Rouge, for plaintiffs-respondents.
BARHAM, Justice.
This is a suit on a 90-day promissory note in the amount of $91,207.89 by the American Bank & Trust Company (hereinafter referred to as bank) against Charles E. Courtney, Sr., Blue Bird Restaurant & Lounge, Inc., Blue Bird Drive-In, Inc., and Blue Bird of Nicholson, Inc., as makers of the note, and against Herbert E. Courtney, relator here, on a guaranty in the sum of $20,000.00. That portion of the trial court's judgment affecting relator, which held him liable in solido with Charles E. Courtney, Sr. and Blue Bird Drive-in, Inc., in the sum of $20,000.00, was appealed to the Court of Appeal, First Circuit, and was affirmed. 279 So.2d 720 (1973). We granted certiorari to review the Court of Appeal's judgment. 281 So.2d 752 (La. 1973).
An examination of the background out of which this suit arose reveals that in *304 May of 1969 relator's brother, Charles E. Courtney, Sr., executed a personal demand note in the amount of $30,000.00 in favor of respondent bank. Relator endorsed this note and the note was subsequently set up on a payment schedule of $1,000.00 per month. On March 8, 1971, Charles E. Courtney, Sr. negotiated a consolidation note with the bank in the amount of $91,207.89; included in the consolidation was the amount of $20,000.00 still outstanding on the May, 1969 personal note endorsed by relator and other outstanding indebtedness of Charles E. Courtney, Sr. and the three Blue Bird corporations.
Subsequent to the consolidation, the bank contacted relator and requested that he execute a continuing guaranty for the $20,000.00 amount outstanding on the note he had earlier endorsed for his brother. Relator refused to sign the guaranty form as printed, indicating that he wished assurance that his liability would extend only to the first $20,000.00 of debt owed the bank by his brother and the Blue Bird corporations. Accordingly, a typewritten paragraph setting forth a limitation of relator's liability to the first $20,000.00 of the indebtedness of Charles E. Courtney, Sr. and Blue Bird Drive-In, Inc. was added and relator executed the guaranty.[*]
*305 In June of 1971, upon default of the principal debtors on the note, the bank instituted this suit and the judgment rendered in its favor held relator liable as set forth hereinabove. Relator contends that the Court of Appeal, in affirming the trial court's judgment, erred in concluding that: (1) a valid contract of guaranty existed between him and the bank; (2) his liability thereon was solidary; and (3) the bank's failure to require the principal debtors to make monthly payments in accordance with a reference to same in a typewritten addendum to the printed guaranty form did not release the relator from liability under the contract. These conclusions of law present the issues which we must resolve upon our review.
Relator's first claim is that the continuing guaranty form which he executed is not a valid contract, there being no meeting of the minds on the object of the contract. The language added to the guaranty form contained, in addition to the liability limitation referred to above, the following language: "* * * Monthly payments are to be approximately $1,700.00 monthly interest included. Upon reduction of the principal balance, through payment of these monthly payments, this Continuing Guaranty will become null and void."
The note accepted by the bank in the consolidation agreement was a 90-day note. Testimony of the bank's commercial loan officer and Charles E. Courtney, Sr. established that it was their intention to evaluate the financial position of Charles E. Courtney, Sr. and the corporate makers at the time of the note's maturity and then set up a monthly repayment schedule if it was warranted.
Relator argues that there was no agreement between himself and the bank as to how the $91,207.89 note was to be paid, that this lack of agreement between them evidences that there was no meeting of the minds on the object of the contract, and that the contract of guaranty is therefore invalid. However, relator's testimony at trial reveals that he was not concerned with the monthly payments of the loan and that his principal concern was that his liability be limited to the first $20,000.00 owed on the note. Relator's trial testimony further reveals that he did not know what the system of repayment for the consolidation note would be and that the monthly payments were not discussed with him.
In brief, it is stated that relator was concerned not only with restricting his liability to the first $20,000.00 owed on the consolidation loan, but with wanting monthly payments as the method of repayment. This allegation, however, is not borne out by the record.
Civil Code Article 1826 provides:
"No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it."
Relator's argument that the absence of agreement between himself and the bank on the issue of repayment of Charles E. Courtney, Sr.'s loan vitiates the contract is clearly untenable. Even if relator had testified that this was his primary concern, failure to communicate this to the bank at the time that the guaranty was being executed would have precluded an attack on the validity of the contract after execution. Art. 1826, supra; 1 S. Litvinoff, Louisiana Civil Law Treatise, § 220 (1969). Moreover, Civil Code Article 1825 requires that the error in the cause of a contract, in order to vitiate it, must be on the principal cause. Marcello v. Bussiere, 284 So.2d 892 (La. 1973) and cases cited therein.
Relator's testimony clearly points out that the cause of the guaranty was his obligation to assume liability for $20,000.00 of his brother's debt, an obligation which stemmed from his status as endorser of the 1969 personal note of Charles E. Courtney, Sr., of which $20,000.00 remained unpaid *306 and was included in the larger consolidation note. The manner of repayment, therefore, was not the object of the contract and even if it be conceded that there was no meeting of the minds on the manner of repayment, the contract is not vitiated thereby.
We find that the guaranty executed by relator was a valid contract and that the alleged absence of a meeting of the minds on the issue of repayment, even if it had been established upon trial, would not amount to an error which would invalidate the contract between the parties, since manner of repayment was not a principal cause of the contract.
Relator's second contention is that the language added to the printed guaranty form in response to the concern he expressed over assuming liability for only the first $20,000.00 of the larger consolidation note defeated the solidary liability imposed by the printed provisions of the guaranty. Solidary liability under the printed terms of the guaranty is readily conceded. Relator bases his argument on Civil Code Article 2091, which provides:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
Relator argues that the language of the added paragraph implies that in the event the guarantor was called upon to fulfill the obligation of the principal debtors, he could only be called upon to pay $1,700.00 per month, but that the principal debtors, at the end of the ninety-day period, could have been called upon to pay the full amount.
We are of the opinion that the language of the added paragraph does not imply that the guarantor could be called upon to pay in monthly payments only; the reference to monthly payments clearly refers to the manner in which repayment of the note was to be made and not to the method by which guarantor would be liable to pay upon the default of the principal debtor. It is equally clear that relator, as guarantor, and the principal debtors were "obliged to the same thing"; that is, the $20,000.00 debt of the principals to the bank, which indebtedness was included in the $91,207.89 consolidation note, and that each could "be compelled for the whole", rather than for only a proportionate share. Article 2092 of the Civil Code expressly provides that:
"The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other."
An examination of the facts in this case and a consideration of Civil Code Articles 2091 and 2092, quoted above, establishes that the obligation incurred by relator was solidary by the explicit terms of the printed guaranty form and that the language added in the typewritten addendum did not destroy solidarity. Relator's argument in this regard is without merit.
Relator's last contention is that the bank's failure to require monthly payments as mentioned in the typewritten addendum to the guaranty form released him from liability under the contract. He argues that the bank's failure to require monthly payments according to the tenor of the added portion of the guaranty amounts to an extension of time to the principal debtor and operates to discharge him from liability. Civil Code Art. 3063. This latter contention is totally without merit since the guaranty instrument clearly grants the bank the right to offer extensions.
For the foregoing reasons, we affirm the judgment of the Court of Appeal which upheld that portion of the trial court's judgment holding relator liable in solido *307 with Charles E. Courtney, Sr. and Blue Bird Drive-In, Inc. in the amount of $20,000.00, together with interest, attorneys' fees and costs as set forth in the trial court's judgment. All costs of these proceedings are cast against relator.
NOTES
[*] "CONTINUING GUARANTY

In consideration of AMERICAN BANK & TRUST COMPANY OF BATON ROUGE', at our request, giving or extending terms of credit to Charles Courtney or Blue Bird Drivein, Inc., hereinafter called debtor, we hereby give this continuing guaranty to the said AMERICAN BANK & TRUST COMPANY OF BATON ROUGE, LOUISIANA, its transferees or assigns, for the payment in full, plus all interest, fees, charges, and attorneys fees of whatsoever nature and kind, of any indebtedness, direct or contingent, of said debtor to said AMERICAN BANK & TRUST COMPANY OF BATON ROUGE, up to the principal amount of TWENTY THOUSAND AND NO/100______ dollars, plus all interest, fees, charges and attorneys fees, whether due or to become due, now existing or hereafter arising. The Bank may, in its judgment, grant extensions, take and give up securities, accent compositions, grant releases and discharges, make changes of any sort whatever in the terms of its contract or manner of doing business with the debtor and with other parties and securities in relation thereto. The Bank may also apply all moneys received from the debtor and others or from securities as it may think best, without in any way altering, affecting, limiting or lessening the liability of the undersigned under this Guaranty; the whole without any notice to or consent from us. The Bank shall not be bound to exhaust its recourse against the debtor or other persons or upon the securities it may hold before being entitled to payment from the undersigned of the amount hereby guaranteed. We do furthermore bind and obligate ourselves, our heirs and assigns, in solido with said debtor, for the payment of the said indebtedness precisely as if the same had been contracted and was due or owing by us in person, hereby agreeing to and binding ourselves, our heirs and assigns, by all terms and conditions contained in any note or notes signed or to be signed by said debtor, making ourselves a party thereto; hereby waiving notice of any such indebtedness and of demand, protest or notice of demand or non-payment and of notice of any act to establish the liability of any party on any commercial or other paper, indebtedness or obligation covered by this guaranty; we do further waive all notice and all pleas of discussion and division and we agree to pay upon demand at any time to said Bank, its transferees or assigns, the full amount of said indebtedness up to the amount of this guaranty, plus interest, fees, charges and attorney fees as above set forth, becoming subrogated in the event of payment in full by us to the claim of said Bank, its transferees or assigns, together with whatever security it or they may hold against said indebtedness.
"It is Expressly Agreed that this continuing guaranty is absolute and complete, and that acceptance and notice of acceptance thereof by the Bank are therefore unnecessary and they are hereby expressly waived, and the same shall continue in force until written notice of its discontinuance shall be served upon one of the executive officers of the said Bank, but such discontinuance shall not affect our liability on any debts and/or obligations of the debtor then existing nor the liability of any other party liable in the premises.
"In Faith Whereof we have hereunto signed our name on this the 8th day of March, 1971.
This Continuing Guaranty will guarantee only the first $20,000.00 on the indebtedness of Charles Courtney or Blue Bird Drive-In, Inc. Monthly payments are to be approximately $1,700.00 monthly interest included. Upon reduction of the principal balance, through payment of these monthly payments, this Continuing Guaranty will become null and void.
 /s/ Herbert Courtney"