406 So.2d 253 (1981)
Jimmie L. ORTEGO, Plaintiff-Appellee,
v.
Louis LEBERT, Defendant-Appellant.
No. 8365.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
*254 Peter C. Piccione, Jr., & McBride & Foret, Robert McBride, Lafayette, for defendant-appellant.
Simon & Woodruff, Paula Kobetz Woodruff, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and DOUCET, JJ.
GUIDRY, Judge.
Plaintiff-appellee, Jimmie L. Ortego, instituted the instant action against defendant-appellant, Louis Lebert, seeking to rescind an act of sale entered into by the aforesaid parties.
Plaintiff alleges that he purchased Lots 19 and 20 of Block 11 of the West End Heights Subdivision in Lafayette, Louisiana, for $17,000.00 under the representation of the defendant-vendor that Lot 20 was zoned for commercial use. Following the purchase of the aforesaid property, plaintiff was informed that both of the lots were zoned for residential use only. The trial court concluded that the plaintiff purchased Lot 20 specifically for commercial use and that the defendant was aware that such use was the principal cause of the contract of sale. After determining that the defendant misrepresented the zoning of such lot at the time of the sale, the trial judge ordered the sale rescinded and the return of the purchase price to plaintiff. Defendant appeals from that judgment.
Jimmie L. Ortego and his wife, Ruth Ortego, operate a forklift business at 1128 West Simcoe in Lafayette, Louisiana. Lot 20 is adjacent to the property upon which the Ortego business is presently located.[1] *255 The neighborhood where the property is situated is a mixture of residential and commercial buildings.
Needing more space for their business, the Ortegos initially approached defendant concerning the purchase of the aforesaid lots in 1977. At that time, Lebert refused to sell the property stating that his son might use the property for an auto repair shop. In 1979, plaintiffs again discussed with Lebert the purchase of the two lots stating that they needed additional space for their business. Subsequently, on March 12, 1979, Lebert sold to the Ortegos the property for a purchase price of $17,000.00 Shortly after the sale, plaintiffs began to park forklifts on Lot 20. Thereafter, plaintiffs received official notice from the Lafayette zoning inspector that the parking of the forklifts on Lot 20 constituted a violation of the City of Lafayette Zoning Ordinance in that Lot 20 was zoned for residential use only. Following such notice, plaintiffs sought to obtain a change in the zoning of the property, however, they were unsuccessful.
Plaintiffs, in seeking rescission of the sale of the aforesaid lots, testified that the defendant informed them prior to the sale that Lot 20 was zoned for commercial use whereas Lot 19 was zoned for residential purposes. Defendant denies that he made such representations to plaintiffs and alleges that the Ortegos were well aware of the residential zoning of the lots at issue but told him that they could have such zoning changed without much difficulty.
Defendant contends on appeal that the trial court erred in admitting parol evidence of the alleged representations by the vendor to the vendees prior to the sale. Additionally, defendant contends that there exists no error of fact in regard to the contract of sale such as to vitiate plaintiffs' consent to the agreement.
It is well settled that in an action for rescission of a sale, parol evidence concerning representations which the seller made to the buyer prior to the sale are admissible for the purpose of establishing that the sale was subject to annulment because of lack of consent due to misrepresentation and error. See Nugent v. Stanley, 336 So.2d 1058 (La.App. 3rd Cir. 1976). Thus, we conclude that parol evidence was properly admitted at trial of the instant matter.
In addition, defendant Lebert contends that there existed no error of fact as to the principal cause of the contract at the time of the sale. In Savoie v. Bills, 317 So.2d 249 (La.App. 3rd Cir. 1975), our court stated:
"LSA-C.C. Article 1819 provides that there is no contract where consent thereto has been produced by error. Article 1820 provides that error is of two kinds, error of fact and error of law. Article 1821 states: "That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none." Article 1823 provides in part that error of fact invalidates a contract where the error "was a principal cause for making the contract." Article 1826 states that error (of fact) as to the principal cause of the agreement does not invalidate a contract unless the other party knew or should have known it was the principal cause.
Jurisprudence under these code articles has established the rule that a contract may be invalidated for unilateral error as to a fact which was a principal cause for making the contract, where the other party knew or should have known it was the principal cause, Sylvester v. Town of Ville Platte, 218 La. 419, 49 So.2d 746 (1950); North Development Company, Inc. v. McClure, 276 So.2d 395 (2d Cir. La.App., 1973); Jefferson Truck Equipment Company, Inc. v. Guarisco Motor Company, Inc., 250 So.2d 211 (1st Cir. 1971 [La.App.]) and the authorities cited therein." *256 The Ortegos testified that prior to the sale they informed the defendant that the purpose of acquiring the lots at issue was for the expansion of their business enterprise. In light of the jurisprudence, it is clear that if the testimony of the Ortegos regarding the circumstances surrounding the sale of the lots is accepted as true, then it is evident that they acted under an error of fact regarding the principal cause of the contract sufficient to invalidate the consent necessary for the contract of sale.
The trial judge in his written reasons for judgment stated:
"The testimony of the plaintiff in this matter proved to be quite credible and it is accepted that plaintiff was led to believe by the defendant that the property was zoned commercially at the time of the sale. The Court finds the zoning of the property to be the principal cause of the contract and that the plaintiff's mistaken belief that it was zoned commercially constitutes an error of fact, thus vitiating the consent necessary for the validity of the contract."
As has been stated ad infinitum by the courts, where there is conflicting testimony, the reasonable evaluation of credibility made by the trial court should not be disturbed upon appellate review unless manifestly erroneous. See Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). A review of the instant record does not reveal any clear error in the factual conclusions of the trial judge.
Defendant alleges in brief that the plaintiff had a duty to ascertain the zoning of the property prior to purchasing the lots in dispute. We observe that the courts have in some instances required of the prospective purchaser the so-called duty of "ordinary inspection". That is, the buyer may not rescind a sale on the basis of the "negligent" misrepresentations of the seller, where such buyer could have ascertained the truth of the matter with ordinary attention. See Nugent v. Stanley, supra.
In the instant case, the trial court determined that Lebert had full knowledge of the plaintiffs' intended use of the property. Additionally, we note that the defendant also knew of the zoning of the disputed lots, yet he informed the plaintiffs that Lot 20 was zoned commercially. Although, the trial court did not specifically so find, we conclude that the trial court did not consider Lebert's misrepresentations to be "negligent" but rather intentional. Further, in C. H. Boehmer Sales Agency v. Russo, 99 So.2d 475 (Ct. of App. Orleans, 1958), the court indicates that where there is a mixture of commercial and residential buildings, and the seller knows of the intended use of the property by the buyer, and that due to zoning laws, such use is not permitted, then there is no duty on the part of the buyer to investigate the status of the property. Rather, the seller has a duty to make known the exact status of such property.
In the instant case, the record clearly reflects that the property surrounding the lots in dispute was a mixture of commercial and residential buildings. Thus, it was reasonable for the plaintiffs to accept the representations of the defendant regarding the alleged commercial zoning of Lot 20. In light of the jurisprudence, we conclude that the plaintiffs did not have a duty to ascertain the exact status of the property, but rather, it was the duty of the defendant to truthfully reveal the nature of the zoning regulations applicable to the subject lots. See also, Louviere v. Meteye, 260 So.2d 377 (La.App. 4th Cir. 1972).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant. Louis Lebert.
AFFIRMED.
NOTES
[1] The property is described in the act of sale as:

"Those two (2) certain parcels of ground, together with all buildings and improvements situated thereon, located in the City and Parish of Lafayette, Louisiana. Said parcel of ground being known and designated as LOTS 19 and 20 of BLOCK 11 of WEST END HEIGHTS ADDITION to the City of Lafayette, Louisiana. Said lots are contiguous and together are bounded Northwest by Lot 18, Northeast by Lot 21, Southwest by Courtland Street and Southeast by Agnes Street. Being the same property acquired by Louis Lebert by Act No. 670878 of the records of the Clerk of Court's office for the Parish of Lafayette, Louisiana."