ARTHUR J. PLANCHARD, Judge Pro Tern.
This is an appeal by Loretta Glod Interiors, Ltd., Plaintiff-Appellant, from the judgment of the trial court in its suit to enforce a chattel mortgage and collect on a promissory note.
*657 The parties to this action are the sellers of the business, “Loretta Glod Interiors”, and the purchasers. The plaintiff is the holder of a promissory note which was executed by the defendants, Larry Liles, Ann Liles and Charles E. Liles, the father of Larry Liles. (The note and chattel mortgage were executed in connection with the sale of the business by Loretta and Walter Glod to Ann and Larry Liles.)
In 1981, Mrs. Glod began to advertise for the sale of her interior decorating business. Mrs. Ann Liles and her husband, Larry, responded to the advertisement since Mrs. Liles wanted to purchase an interior design business. At their first meeting in October of 1981 Mrs. Glod informed the Liles she was selling her business for $50,000.00. The Liles asked her to break down the selling price into the various components of the business. Although Mrs. Glod was initially not willing to give the details as to how she arrived at the $50,000.00 figure, she eventually told the Liles her inventory for 1980 was valued at $39,000.00. After approximately six weeks of negotiations, the Liles purchased the business from the Glods for $50,000.00.
Prior to signing the act of sale, Mrs. Glod furnished Mrs. Liles a written inventory but this list did not include prices of the various items. The wholesale prices paid by Mrs. Glod for these items were in an inventory book which Mrs. Glod said was too messy and needed to be recopied. The second inventory Mrs. Liles received included the prices of the listed items but at the current wholesale values and not the original wholesale, or cost, prices.
Mrs. Glod did not tell Mrs. Liles that the prices listed were the current wholesale prices. Mrs. Liles initially thought the prices listed in the second inventory were the original cost prices which Mrs. Glod had paid. She did not know about the mark-up in prices until after the sale on December 1, 1981 when Mrs. Carolyn Hopkins told her about the original inventory book. After comparing the total value of the items in the original inventory given her and the inventory book, Mrs. Liles found a difference of approximately $13,-000.00.
Mrs. Glod’s explanation for the difference in prices was she wanted to help Mrs. Liles by giving her the current wholesale price for the items in inventory. Mrs. Liles did not accept this explanation because some of the listed items were eight years old. After being in inventory for several years, these items were either shopworn or simply not worth the price listed. Mrs. Liles felt the prices given in the second inventory were marked up in order to come closer to the $39,000.00 figure originally quoted.
After discovering the discrepancy in the inventory, Mr. and Mrs. Liles refused to pay on the promissory note any amount over the actual cost price of the inventory. When the installment payments stopped, the Glods sued for the remainder of the note.
The Glods argued at the trial in district court, and on this appeal, that the Liles purchased the business of Loretta Glod Interiors, Ltd. as a lump sum and not the components of the business. The Liles contend they simply purchased the inventory, office furniture, and various components of the business. Both parties disagree as to what was intended to be sold.
The resolution of this disagreement depended upon whose version of the events the trial judge chose to believe. In his reasons for judgment, the trial judge found the defense witnesses more convincing. The trial court further stated:
“The Court feels Mrs. Glod made a serious misrepresentation as to the value of the inventory to be sold, changed the ‘cost’ price in the inventory book (as was testified to by Mrs. Hopkins), and that the defendants relied on plaintiffs statement as to the value of the inventory.”
Accordingly, the Liles were given a credit of THIRTEEN THOUSAND THREE HUNDRED THIRTY-FIVE AND 43/100 ($13,335.43) DOLLARS, which when applied to the amount due on the note of $14,776.04, left a difference of $1,440.67 due to the Glods. The Liles also were ordered to pay interest and twenty-five per cent (25%) attorneys fees.
*658 The Plaintiff has appealed the judgment of the trial court alleging six specifications of error. These errors concern the admissibility of parol evidence, the credit in the purchase price, the refusal to re-open the case for additional evidence and the factual findings of the trial judge.
The trial court permitted parol evidence to be introduced in this case because the value of the business’s inventory was misrepresented and because the inventory was not attached to the act of sale at the time of the sale.
Appellant first argues that parol evidence may not be introduced to vary the terms of an authentic act. While this is the general rule, there are exceptions. Parol evidence is admissible to show fraud, misrepresentation or error. Land & Offshore Co. v. Martin, 469 So.2d 1177 (La.App. 3rd Cir.1985). It may also be used to establish the true intent of the parties to a written agreement. Land & Offshore Co., supra., and Williams v. Natchitoches Recreational Asso., 395 So.2d 343 (La.App. 3rd Cir.1980). Also, if an error such as fraud vitiates a party’s consent, parol evidence is admissible to prove the misrepresentation or fraud. Nugent v. Stanley, 336 So.2d 1058 (La.App. 3rd Cir.1976); Ferace v. Fullerton, 425 So.2d 393 (La.App. 3rd Cir.1982); Ortego v. Lebert, 406 So.2d 253 (La.App. 3rd Cir.1981).
According to Civil Code Article 1953, the fraud which may vitiate consent is a misrepresentation or a suppression of the truth made to obtain an unjust advantage or cause a loss or inconvenience. The error induced need not concern a circumstance that has substantially influenced the consent. C.C.Art. 1955.
In the present case, the Liles claimed they wanted to purchase the inventory of the business plus other components such as office furniture. Although the Glods denied the Liles told them this, the trial judge found the Liles’ testimony more convincing. Since the Glods knew that the Liles were purchasing the inventory and not the business as a lump sum, they knew or should have known that their quote as to the value of the inventory would mislead the buyers.
Since the Liles were asserting the Glods made serious misrepresentations concerning the inventory, the trial judge did not err in admitting parol evidence.
The Liles could not have easily ascertained the original cost price of the items in inventory without difficulty or inconvenience. Mrs. Glod had told Ann Liles she was recopying the inventory book because it was old and too messy. It was not unreasonable for Mrs. Liles to believe Mrs. Glod. This conclusion is further supported by the fact Mrs. Glod never told Mrs. Liles she was going to change the prices or that the prices reflected the current values and not the original cost prices.
What the Liles intended to purchase was the inventory of Loretta Glod Interiors at the original cost prices paid by Mrs. Glod. The $39,000.00 figure is closer to the then current wholesale value of the inventory. The amount of credit was determined by comparing the original inventory with the inventory provided after the sale. The trial court granted a credit of $13,335.43 which was the difference Mrs. Liles found in the values of the inventory.
Although permitting a credit is proper, the amount granted by the trial court is not correct. The value of the recopied inventory which was the current wholesale value added up to $40,424.30. However, the original cost of the inventory amounted to $34,774.72 and not the $26,-664.57 figure about which Mrs. Liles testified. When compared the difference equals $5,649.58.
In her January 4, 1982 letter to Mrs. Glod, Mrs. Liles mentioned a discrepancy of approximately $5,800.00. This was brought out in her testimony but she never explained why the discrepancy increased to over $13,000.00 by the time of trial. This court has reviewed the two inventories at issue and our calculations indicate a credit due of only $5,649.58. The judgment of the trial court shall be amended accordingly-
Finally, plaintiff-appellant alleges the trial court erred by denying its motion to *659 re-open the case to receive additional evidence. The reason for the motion was to determine the correct amount of the Glod’s cost for the inventory and thereby figure the correct amount of credit. This specification of error is now moot because the error in the amount of credit due the Liles has been corrected.
Considering the foregoing, the judgment of the trial court ⅛ amended to reflect a credit of FIVE THOUSAND SIX HUNDRED FORTY-NINE AND 58/100 ($5,649.58) DOLLARS in favor of the defendants. The judgment shall now read:
“IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, LORETTA GLOD INTERIORS, LTD., and against defendants, LARRY LILES, ANN LILES and CHARLES LILES, in solido, in the full and true sum of NINE THOUSAND ONE HUNDRED TWENTY-SIX AND 46/100 ($9,126.46) DOLLARS, together with fifteen (15%) per cent interest thereon from July 1, 1982 until paid, together with attorney’s fees thereon at the rate of twenty-five (25%) per cent.”
In all other respects, the trial court judgment is affirmed.
The defendants-appellees are assessed with the costs of this appeal.
AMENDED AND AFFIRMED.