WILLIAMS, Judge.
Fredric B. Ingram, Jr. sued Sandra D. Freeman in redhibition alleging that prior to his purchase of her former home at 718 Jefferson Avenue, Ingram “determined that the street on which the property was located was not a bus route”, but that “unknown to petitioner, an extraordinarily large number of buses used the street beginning at about 3:00 a.m. each morning, causing violent vibrations within and to the structure of the house.” Plaintiff claimed that as a result of the bus traffic he has incurred substantial damages and has been unable to use and enjoy the property which “has been rendered absolutely useless”. In his petition plaintiff prayed for rescission of the sale, return of the purchase price, and damages.
In response, Freeman filed an exception of No Cause of Action. Freeman claimed that the vibrations in a house allegedly *641 resulting from the use of the street in front of the house by buses does not constitute a redhibitory defect. The trial court sustained the exception dismissing plaintiffs suit at his cost. Ingram has appealed.
In his reasons for judgment the trial judge determined that an external nuisance, i.e. the passing of buses, does not constitute a redhibitory defect as contemplated by Louisiana Civil Code article 2520. We agree.
In order to state a cause of action in redhibition a plaintiff must allege that there was a latent defect or vice in the thing sold which renders the item absolutely useless, or its use so inconvenient and imperfect that it must be supposed the buyer would not have purchased the thing had he known of the vice. La.Civ.Code art. 2520. It is essentia] that the vice or defect be in the object sold. Louviere v. Meteye, 260 So.2d 377 (La.App. 4th Cir.1972). Further, apparent defects, those which the buyer might have discovered through simple inspection, are not redhibitory defects. La.Civ.Code art. 2521.
In the case before the court, the plaintiff failed to allege the essential element necessary to establish a cause of action in redhibition. He failed to specify a non apparent, latent defect in the immovable property sold to him which would result in a rescission of the sale. We note that plaintiff’s petition alleges that there was an extraordinary number of buses passing in front of the house causing a vibration which interfered with his enjoyment. Plaintiff admits that he inspected the street and determined that the street was not a designated bus route. From the petition it appears that Ingram has alleged only a dissatisfaction with his purchase, a dissatisfaction stemming from the use of the street by buses. This allegation does not satisfy the requirement that he allege a hidden vice or defect in the thing sold.
An exception of no cause of action is tried only on the facts of the petition and annexed documents. The judge will accept all well-pleaded allegations of fact as true with the purpose of the exception being a determination of whether or not the plaintiff has stated a justiciable cause. Considering plaintiffs petition and accepting all of his claims as true, we cannot find that he has stated a cause of action in redhibition as outlined above; therefore, we find no error in the ruling of the trial court.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.